[L. A. No. 2138. Department One.—January 24, 1908.]

In the Matter of the Estate of S. C. G. BARCLAY, Deceased.

WILL—DEVISE OR BEQUEST HOW CREATED.—No particular words are essential to create a legacy or devise. The essential thing is that the intention of the testator to thereby make the gift from the property of the estate is shown. When such intention clearly appears, the courts will carry it into effect, if this can be done consistently with the rules of law applicable.

ID.—INFERENTIAL BEQUEST—ADVANCES MADE TO TESTATRIX.—A provision of a will, devising the residue of the testatrix' real estate to certain named persons "after my son . . . has been paid what he has paid for me at various times," constitutes a legacy in favor of such son of all amounts that he at various times had paid for the testatrix, payable out of her estate before any residuary legacy or devise is distributed.

ID.—ESTOPPEL TO CLAIM AS LEGATEE FOR ADVANCES—PRESENTATION OF CLAIM AGAINST ESTATE.—The presentation by the son of a claim against the estate of the testatrix for the full amount of the various payments made by him for her, its allowance by the executor and approval by the court for such portion thereof as was not barred by the statute of limitations, and his subsequent application to the court for a sale of the real property of the estate for the purpose of paying all approved claims, including his own, does not estop the son from claiming as a legatee as to such items of advances as were barred by the statute of limitations.

ID.—CONSTRUCTION OF WILL.—The provision in the will in favor of such son was not intended to take away from his rights as a creditor for such amounts as he might lawfully claim and enforce, but to give to him those amounts of advances which he could not otherwise claim.

ID.—DECREE OF DISTRIBUTION—DIRECTION FOR PAYMENT OF CLAIM.—In a proceeding under section 1664 of the Code of Civil Procedure, to determine the respective interests of the claimants under the will, the inclusion in the amount ordered distributed to the son in satisfaction of such legacy of the sum for which his claim had been allowed and approved, will be construed as practically an order for the payment of the claim.

ID.—CONSTRUCTION OF WILL AND CODICIL.—The dispositions made by a will are not to be disturbed by a codicil further than is necessary to give it effect. The two are to be read together so as to make one consistent whole.

ID.—CODICIL CREATING TRUST AS TO PROPERTY ABSOLUTELY DEVISED BY WILL.—Where a will made an absolute disposition of certain property to a married daughter of the testatrix, and a subsequent codicil subjected the property so given to a trust, of which the daughter was the beneficiary, so long as she remained the wife of her then husband, the two documents are to be construed together as devising the property absolutely to the daughter, subject only to the execution of the trust. Where the trust was terminated by the death of the daughter, her interest in the property passed, freed from the trust, to her heirs.

FINDING—IMMATERIAL OMISSION—INSUFFICIENCY OF EVIDENCE.—A judgment will not be reversed for failure to find upon an affirmative defense, if the record does not show that evidence was introduced in support thereof, and the same rule must obtain where the evidence introduced was not sufficient to support a finding in favor thereof if such finding had been made.

APPEAL from a decree of the Superior Court of Los Angeles County determining the interests of claimants under a will, and from an order refusing a new trial. G. A. Gibbs, Judge.

The facts are stated in the opinion of the court.

M. W. Conkling, for Appellant.

Munson & Barclay, for Respondents.

ANGELLOTTI, J.—This is an appeal by one J. C. Blackinton from a decree determining the respective interests of claimants under the will of deceased, given in a proceeding under section 1664 of the Code of Civil Procedure, and from an order denying his motion for a new trial.

The deceased died testate January 3, 1895, leaving as her heirs at law five surviving children, H. A. Barclay, F. H. Barclay, D. E. Barclay, S. C. Blackinton (the wife of appellant), and Lenore Gillmore. Said S. C. Blackinton died intestate on January 29, 1896, leaving surviving her husband (appellant) and their minor son, Roswell, aged about two years. Said son Roswell died June 15, 1896, and the whole estate of S. C. Blackinton was subsequently distributed to appellant. As the successor of his deceased wife, appellant claims a portion of the estate of this deceased.

On June 18, 1894, deceased executed an holographic will. By this instrument, after directing payment of her just debts, she specifically devised certain real property, known as the Alhambra property, and certain household goods, to her two daughters, "the coins" to H. A. Barclay and D. E. Barclay, and an oil painting to each of her five children. The will then provided as follows: "The residue of my real estate, after my son, H. A. Barclay, has been paid what he has paid for me at various times, I will and bequeath to my children, Henry A. Barclay, Frank Herbert Barclay, Sallie C. Blackinton, David Eric Barclay, and Lenore Gillmore, share and share alike. In case any one, or more, should die, their share to be divided between the remaining children, unless they have heirs."

On August 28, 1894, she executed an holographic codicil to said will, which was as follows:—

"I hereby give and bequeath unto my daughter, Mrs. Lenore Gillmore, in trust for the use of my daughter, Mrs. S. C. Blackinton, wife of J. C. Blackinton, all property and goods of all kinds named in my will to my daughter, S. C. Blackinton, said property to be held by said trustee so long as the said S. C. Blackinton remains the wife of said J. C. Blackinton; provided, however, that the rents, issues and profits thereof shall be paid by said trustee to said S. C. Blackinton, from time to time, as they are received, but in case the said property is sold, the proceeds of the interest of the said S. C. Blackinton shall be placed at interest by the said trustee and the interest thereof paid to S. C. Blackinton from time to time as the same is received, but in case the said S. C. Blackinton shall so request in writing, the proceeds of said property may, instead of being put at interest, be invested in real estate to be held by said trustee and the rents, issues and profits thereof be paid as aforesaid.

"Provided, further, that in case of the death of said J. C. Blackinton, or his divorce from said S. C. Blackinton, then and in that case the whole of the property so held in trust shall be conveyed to or delivered to S. C. Blackinton."

The controversy on this appeal is as to the effect of the codicil on the rights conferred by the will on the daughter S. C. Blackinton, and the effect of the provision in the original will regarding the payment to H. A. Barclay of such sums as he had paid out for the deceased. The latter of these questions is the question principally discussed by counsel. H. A. Barclay, who was the plaintiff in this proceeding, claimed by appropriate allegations in his complaint that he had paid out for deceased, between July 8, 1889, and the time of her death, amounts aggregating $10,954.10, which he claimed should be paid to him from the property of the estate, together with interest, before any distribution to residuary legatees and devisees was made. All of these expenditures except some three hundred and twenty-five dollars were barred by the statute of limitations. The trial court sustained this claim of plaintiff, adjudging him to be entitled to receive from the estate before distribution of the residue to the residuary legatees and devisees, the sum of $10,954.10, with interest. There is no contention on this appeal that the findings as to the payments by H. A. Barclay for deceased

are not fully sustained by the evidence, or that he was not entitled to the interest awarded, if he was entitled to the principal. It is urged, first, that there was no legacy of the amounts paid by H. A. Barclay for deceased created by the will, and, second, that said Barclay has elected not to treat the same as a legacy, by proceeding as an ordinary creditor of deceased, and is now estopped to claim that there is any legacy in this regard.

We have no doubt that the words of the will in this behalf should be held to constitute a legacy to H. A. Barclay of all amounts that he at various times had paid for her, payable out of the estate before any residuary legacy or devise is distributed. No particular words are essential to create a legacy or devise. The essential thing is that the intention of the testator to thereby make the gift from the property of the estate is shown. When such intention clearly appears, the courts will carry it into effect, if this can be done consistently with the rules of law applicable. While more formal and apt terms would probably have been used in this will if the same had been drawn by a lawyer, the intention of the testatrix to make this gift to H. A. Barclay, and to require its payment before any distribution is had to residuary devisees or legatees, could not have been made more clearly apparent.

The claim of appellant that H. A. Barclay elected to proceed as an ordinary creditor of deceased, and is now estopped to claim as a legatee, was made by allegations in the answer, and evidence was introduced on the trial for the purpose of supporting such allegations. The allegations were substantially that said H. A. Barclay presented a verified claim for all the amounts claimed herein, that the same was allowed by the executrix for three hundred and twenty-five dollars only, and rejected as to the balance, that said Barclay thereupon had the same approved by the judge for such amount and then filed the claim as an allowed claim for three hundred and twenty-five dollars, and that thereafter he petitioned the superior court for an order of sale of the real property of the estate for the purpose of paying all approved claims, including his own. The trial court failed to make any finding on these allegations, and its failure to do so is claimed to be error necessitating a reversal. The evidence was, however, insufficient to support a conclusion that said Barclay was

so estopped, except, perhaps, as to such items as were not
barred by the statute of limitations at the time of the presen-
tation of the so-called creditor's claim, which amounts, as we
have seen, aggregated not exceeding three hundred and
twenty-five dollars. Both executrix and judge were expressly
prohibited by statute from allowing an item in the claim
that was so barred (Code Civ. Proc., sec. 1499), and the
rejection of the claim as to such items cannot be held to have
been an adjudication as to the merits thereof. There was
nothing in the language of the will, which put said Barclay
to the necessity of abandoning his rights as an ordinary
creditor for such amounts as were not barred if he desired
to take as a legatee. The case is not at all like that of
*Smith* v. *Furnish*, 70 Cal. 424, [12 Pac. 392], where a specific
sum ($3,000) was bequeathed in compensation for services
rendered the deceased. There the intention of the testator
was clear that the party should receive that specific sum in
lieu of such amount as might be lawfully due for the services,
and proceedings against the estate for the enforcement of a
creditor's claim might properly be held inconsistent there-
with. But the provision in favor of said Barclay in the will
before us was clearly intended not to take away from his
rights as a creditor for such amounts as' he might lawfully
claim and enforce, but to give to him those amounts which
the record shows he could not otherwise obtain. It is well
settled that a judgment will not be reversed for failure to
find upon an affirmative defense, if the record does not show
that evidence was introduced in support thereof, and the same
rule must obtain where the evidence introduced was not suffi-
cient to support a finding in favor thereof if such finding had
been made. The inclusion of the three hundred and twenty-
five dollars and interest thereon in the amount ordered dis-
tributed to Barclay was practically simply an order for the
payment of his allowed claim with interest.

The trial court held that by reason of the provisions of
the codicil, the interest of S. C. Blackinton in the estate was
absolutely ended by her death, while still the wife of J. C.
Blackinton, and that the property given to her went to the
remaining four children, share and share alike. It, therefore,
excluded J. C. Blackinton from all participation in the residue
of said estate. In this the court erred. The Alhambra prop-

erty which was given by the will to S. C. Blackinton and
Lenore Gillmore, share and share alike, has been lost to the
estate by reason of foreclosure proceedings, and the provision
in regard to its disposition in the event of the death of one
of the beneficiaries is not material here. As we have seen,
the will gave absolutely to said S. C. Blackinton and Lenore
Gillmore certain household goods, to be divided among them
as they might agree. It appears that such division has been
made by the beneficiaries. It also gave them the books of
deceased, and gave to said S. C. Blackinton one oil painting,
and, after payment of the amounts given to H. A. Barclay,
one fifth of the residue of the real estate. The only provision
in the will under which S. C. Blackinton could possibly be
deprived of this property was one to the effect that in case
one or more of the children should die, their share was to be
divided among the remaining children "unless they have
heirs." This provision apparently referred only to such a
death as might occur before the death of the testatrix (Civ.
Code, sec. 1336), but, in any event, it could not apply to
S. C. Blackinton's interest, for she left a child surviving her,
as well as her husband. This disposition by the will in favor
of S. C. Blackinton was affected by the codicil only to the
extent that a different arrangement was provided by the
codicil. The will still controls except as modified by the
codicil. (Civ. Code, sec. 1287.) The dispositions made by
will are not to be disturbed by a codicil further than is
necessary to give it effect. (1 Jarman on Wills, p. 176.) The
two are to be read together so as to make one consistent
whole. (*In re Ladd,* 94 Cal. 674, [30 Pac. 99]; *Matter of
Scott,* 141 Cal. 485, [75 Pac. 44].) The only effect of the
codicil was to subject the property so given to S. C. Black-
inton to a trust (of which she was the beneficiary) *so long as
she remained the wife of J. C. Blackinton.* The will as mod-
ified by the codicil absolutely devised this property to S. C.
Blackinton, subject only to the execution of the trust. The
author of a trust may devise property subject to the execution
of the trust (Civ. Code, sec. 864), and such a devisee acquires
a legal estate in the property as against all persons except
the trustee. (Civ. Code, sec. 865.) When the trust was ter-
minated by the death of S. C. Blackinton, her interest in the
property passed, freed from the trust, to her heirs, and

appellant, J. C. Blackinton, is entitled to receive the same on distribution.

It follows that the decree should be modified so as to provide that the household goods and books assigned to S. C. Blackinton in the division between her and Lenore Gillmore shall be distributed to J. C. Blackinton, and that after the specific legacies are satisfied and the amounts found due H. A. Barclay are paid, one fifth of any residue shall be distributed to J. C. Blackinton as the successor of S. C. Blackinton, and the remaining four fifths to the other children of deceased, or their successors, H. A. Barclay taking one fifth as an heir of deceased and one fifth as the successor of Lenore Gillmore, deceased, and D. E. Barclay taking one fifth as an heir and one fifth as the successor of F. H. Barclay.

The order denying a new trial is affirmed, and the cause is remanded with directions to the lower court to modify the judgment in accord with the views we have expressed, said judgment when so modified to stand affirmed.

Shaw, J., and Sloss, J., concurred.