[Sac. No. 1698.   Department Two.—September 22, 1909.]

In the Matter of the Estate of GENNIS H. LEARNED, Deceased.  D. A. LEARNED, Respondent, v. CLARA D. LEARNED GARDEN et al., Appellants.

ESTATE OF DECEASED PERSONS—DECLARATION AS TO CHARACTER OF PROPERTY—COMMUNITY PROPERTY—MUTUAL WILL.—In the administration of the estate of a testatrix of a will mutual in form executed by her and her husband, a declaration in the will that everything owned by them was community property is not binding on the court, but that question is to be determined by the court in accordance with the mode whereby the property was acquired.

ID.—JURISDICTION OF SEPARATE PROPERTY—DECREE OF DISTRIBUTION—CONCLUSIVENESS OF DECREE.—If there was separate property belonging to the estate of such testatrix, the court in probate would acquire jurisdiction thereof, and as to it the court had the right to make final distribution, and any error in so doing might be corrected on appeal.  But where the judgment construing the will and making final distribution has become final, it cannot afterwards be impeached by the will itself.  Although it may not conform to the will, the decree is binding on the parties interested.

ID.—SUBSEQUENTLY ACQUIRED PROPERTY—WILL BEQUEATHING PERSONALTY—SUPPLEMENTAL ADMINISTRATION.—Under such will, which unequivocally bequeaths all of the personal estate of the testatrix to her husband, the latter, by accepting a decree of final distribution, making a disposition of real property inconsistent with its provisions, is not debarred from claiming in supplemental administration proceedings after-discovered personal property belonging to the estate in accordance with the will.

APPEAL from a decree of the Superior Court of San Joaquin County distributing the estate of a deceased person, and from an order refusing a new trial.  C. W. Norton, Judge.

The facts are stated in the opinion of the court.

Budd & Thompson, and Edward I. Jones, for Appellants.

J. M. Kile, and J. A. Plummer, for Respondent.

MELVIN, J.—This is an appeal prosecuted by the opponents to D. A. Learned's petition for settlement of his final account as executor of the estate of Gennis H. Learned, de-

ceased, and for the distribution to him of the entire personal property of said estate. There was a judgment and decree of distribution in accordance with the prayer of D. A. Learned's petition and the appeal is taken therefrom, as well as from the order denying a motion for a new trial.

Gennis H. Learned died testate in 1903 and D. A. Learned was appointed executor of her last will. After due administration the said D. A. Learned took distribution of the entire property of the estate of Gennis H. Learned which had then come into his possession. He was finally discharged and the estate was fully settled and closed May 31, 1904.

In June, 1908, D. A. Learned petitioned for the reissuance of letters testamentary in the estate of Gennis H. Learned, deceased, alleging that said Gennis H. Learned was at the time of her death an heir of her sister, Deborah H. Lee, who died intestate in March, 1903, and whose estate at the date of D. A. Learned's second petition for letters testamentary was in process of administration in the superior court of this state in and for the county of San Joaquin. The appellants here are not seeking to set aside the decree of distribution in the estate of Gennis H. Learned, made in 1904, but they contend that the interest of Gennis H. Learned's estate in the estate of Deborah H. Lee (which relates to personal property) should not be distributed under the terms of Gennis H. Learned's will, but should be treated as if she had died intestate. This contention is based upon the theory that by failing to comply with the terms of the mutual will executed by Gennis H. Learned and D. A. Learned, the latter had forfeited his right to take under that will.

By the terms of said will everything owned by D. A. Learned and Gennis H. Learned was declared to be community property, and all personal property was bequeathed to the survivor who was named as executor or executrix, as the case might be. All realty was devised to the survivor with remainder in fee to four of their children in severalty, the exact portion of each child being described in the will.

By the decree of May 31, 1904, D. A. Learned took distribution of an undivided one-half interest in the real property to which, by the terms of the will, he was given a life estate with remainder in fee to his four children. The theory of appellants is that the probate court could not have taken

jurisdiction of the property thus distributed unless either: 1. An undivided one-half interest in the realty had become Mrs. Learned's separate property before her death; or, 2. The effect of the mutual will was such as to confer jurisdiction upon the court to distribute the devised community land (citing *Estate of Roland*, 74 Cal. 523, [5 Am. St. Rep. 464, 16 Pac. 315]).

It does not appear upon what theory the probate court made the decree of 1904. The declaration in the will that all the property was community property was not binding upon the court, but that question was by that court to be determined in accordance with the mode whereby the property was acquired. (*Estate of Granniss*, 142 Cal. 4, [75 Pac. 324].) There was separate property in the estate of Gennis H. Learned and of this the probate court undoubtedly had jurisdiction. Having acquired jurisdiction of the estate, the court had the right to make final distribution and any erroneous judgment might have been corrected on appeal. But the judgment construing the will and making the first distribution having become final, we cannot now consider an impeachment of the decree of the will itself. (Code Civ. Proc., sec. 1908.) Nor are appellants contending for such impeachment. If the appellants here had felt that the first decree was not in accordance with the terms of the will, they, as interested parties, could have prosecuted an appeal and could have sought its correction. Having failed to do so they are now bound by the decree. (*Goad* v. *Montgomery*, 119 Cal. 558, [63 Am. St. Rep. 145, 51 Pac. 681].) We cannot say further that respondent, by accepting the results of the first decree rendered by the probate court put himself entirely outside the benefits of the will with reference to personal property clearly bequeathed to him. If the appellants had equities in the *land* they could assert them by proper proceedings, but here they are seeking to obtain a part of the separate *personal estate* of Mrs. Learned which, by the unequivocal terms of the will, is bequeathed to D. A. Learned. This is fully illustrated by the following provision of the will: "We hereby give, devise and bequeath, each to the other, as the survivor may be, all and singular all the personal estate, wheresoever the same may be found or situated, belonging to either of us, and also a life estate in and to all and

singular the real property of which either of us may die seized or possessed." The above provision applies with no ambiguity to the separate property of Gennis H. Learned. Whatever may have been the court's interpretation of the will at the time of the first distribution thereunder, there can be no doubt that this clause was properly construed when the second decree was made. Indeed, appellants do not say that under the terms of the will D. A. Learned was not entitled to all of the interest derived from the estate of Deborah H. Lee; but they are seeking to prevent him from taking personalty bequeathed to him, because he accepted a decree with reference to the realty inconsistent with the will, and as they allege, dealt with said realty in a manner not warranted by the testamentary provisions. It will be seen, however, that although the will executed by the Learneds is mutual in form, it is in effect the separate will of each of them. There is nothing to indicate that it was the result of such mutual agreement or based upon such consideration as would deprive the survivor of his right of revocation. (See Civ. Code, sec. 1279.) The survivor, if through an erroneous interpretation by the court, he took distribution of an interest different from that intended by the testatrix, would not, after such disposition of the property had become fixed by lapse of time and lack of appeal, be bound to retain such dominion over the property as would permit of its distribution upon his death according to the identical will executed by himself and wife. But even if there were such compulsion upon him, it would have been asserted with reference to the real property and not as against the personalty. The only interest which Mrs. Learned attempted to devise to these appellants was a remainder in real property. If they attempted to secure that interest, and without fraud on the part of Mr. Learned (and none is alleged) he secured such rights adverse to them as they neglected to question at the proper time, they cannot atone for their neglect, and repair the result of their laches by obtaining an interest in property of a different character from that left to them by the terms of the will.

All of the rulings of the trial court which were adverse to the appellants were evidently based upon the theory that the decree of 1904 was conclusive as against appellants. We think the court was correct in this idea of the law. (*Estate of Davis,*

151 Cal. 318, [121 Am. St. Rep. 105, 86 Pac. 183, 90 Pac. 711]; Code Civ. Proc., sec. 1333.)

In their opposition appellants do not allege that they have lost any of their rights. There is no specification of fraud. They simply seek to show that respondent has so acted with reference to a part of his property that he cannot conscientiously accept that which is clearly bequeathed to him. We do not see how, upon reason or authority, such a contention may be upheld.

The judgment and order are affirmed.

Lorigan, J., and Henshaw, J., concurred.