[Sac. No. 1864. Department One.—November 28, 1910.]

In the Matter of the Estate of GILBERT B. CLAIBORNE,
Deceased.

WILL—FAILURE TO DISPOSE OF PROPERTY—DECLARATION TO CONSIDER
SEPARATE PROPERTY AS COMMUNITY.—Where a will is not effective
to dispose of any of the property of the testator, his separate prop-
erty would have to be regarded and treated by the courts as such,
notwithstanding a declaration in the will of the wish of the testa-
tor that it should be treated and considered as community property.

ID.—DISPOSITION TO WIFE OF PROPERTY TO BE CONSIDERED AS COM-
MUNITY—LAW OF SUCCESSION.—A provision in a will, which other-
wise made no disposition of property, that "In the administration
of my estate it is my wish that all property shall be considered and
treated as community property. So much of my will I make and
declare this day to protect my wife, not yet having been fully ad-
vised of my further purposes," should be construed as a testamentary
disposition to the wife of such portion of the testator's separate
property as she would take under the law of succession, if the prop-
erty was community property.

APPEAL from a decree of the Superior Court of San Joa-
quin County distributing the estate of a deceased person. W.
B. Nutter, Judge.

The facts are stated in the opinion of the court.

George F. Buck, and J. M. Kile, for Appellants.

D. M. Young, and J. P. Langhorne, for Respondents.

ANGELLOTTI, J.—This is an appeal from the decree of final distribution in the matter of the estate of Gilbert B. Claiborne, deceased. The deceased died testate, his will being as follows:—

"I, Gilbert B. Claiborne, of the city of Stockton, California, do hereby make and declare this my last Will and Testament, hereby revoking and declaring void all wills and codicils to the same by me heretofore made. In the administration of my estate it is my wish that all property shall be considered and treated as community property.

"So much of my will I make and declare this day to protect my wife, not yet having been fully advised of my further purposes.

"I nominate and appoint Richard C. Minor, together with my wife as executors and request that no bonds or undertakings be required of them or either of them.

"In witness whereof, I have written this wholly with my own hand and signed the same this 24th day of February, A. D. 1905, at Stockton, California.

"GILBERT B. CLAIBORNE."

He left no descendants, and his only heirs at law were Marian F. Claiborne, his surviving wife, and the children of several deceased brothers. All the property left by deceased was his separate property. The lower court determined that under the terms of the will the surviving wife was entitled to have distributed to her an undivided three fourths of all the property, and that the children of the deceased brothers were entitled to the remaining one fourth. From the decree made in conformity with this determination some of said children have appealed, claiming that the surviving wife is entitled to only one half of the property and that the children of the deceased brothers of deceased are entitled to one half of the property.

The theory of appellants is that deceased died intestate so far as any distribution of his property by will was concerned, the claim being that the only effectual part of his will was the

provision appointing executors, and that the property passed under the law of succession as separate property, one half to the widow and one half to the children of his deceased brothers. It is clear that if the will was not effectual to dispose of the property, the claim of appellants must be held to be well founded, for despite the declaration in the will of the wish of the testator that his property should be considered and treated as community property, such property would have to be regarded and treated by the courts as separate property if found to be such (*Estate of Learned*, 156 Cal. 309, [104 Pac. 315] ; *Estate of Grannis*, 142 Cal. 4, [75 Pac. 324] ), and under the law of succession the separate property of deceased would pass as claimed by appellants. (Civ. Code, sec. 1386, subd. 2.)

It appears very clear to us, however, that the will should be construed as giving to the wife such portion of the property as she would take under the law of succession if the property was community property, which would be, under the circumstances of this case, the death of the husband without descendants, three fourths of all the property (*Estate of Boody,* 113 Cal. 682, 688, [45 Pac. 858] ; Civ. Code, sec. 1402). It is an elementary rule in the construction of wills that no particular words are essential to create a legacy or devise, and that the essential thing is that the intention of the testator to thereby make a testamentary disposition clearly appears. Where the will clearly shows such an intention, the courts will carry it into effect, if this can be done consistently with the rules of law applicable. For instance, in *Estate of Barclay,* 152 Cal. 753, [93 Pac. 1012], a provision devising the residue of real estate to certain named parties "after my son . . . has been paid what he has paid for me at various times" was held to clearly show a legacy to the son to the extent of the amount of money he had paid out for the testator. In the will before us the testator, after declaring that he is making his will, declares: "In the administration of my estate it is my wish that all property shall be considered and treated as community property. So much of my will I make and declare this day to protect my wife, not yet having been fully advised of my further purposes." These are the only provisions of the will referring in any way to his property, and unless they are to be considered a testamentary disposition we have a case of total intestacy, a construction not to be favored if any other

construction is reasonably possible. (Civ. Code, sec. 1326; *LeBreton* v. *Cook,* 107 Cal. 410, 416, [45 Pac. 552].) The theory of an intended testamentary disposition in favor of the wife is, in our judgment, the only reasonable theory that can be based on the language used. It cannot reasonably be denied, and learned counsel for appellants do not deny, that the will clearly shows the intention of the testator that his wife should be given on distribution such portion of his property as she would have taken if it were community property and he had died intestate. This intention being made clearly to appear in the document which testator declares to be his will, we do not see that there is anything left to be said on behalf of appellants. The provision is as effectual as a testamentary disposition as it would have been had it read: "I give, bequeath and devise to my wife so much of my property as she would have received if all my property was community property and I had died intestate." Learned counsel rely on the language, *"So much* of my will I make and declare this day to protect my wife, *not yet having been fully advised of my further purposes,"* as showing lack of intent on the part of the testator to then fully dispose of his property, but if we concede this to be so, the language certainly shows no lack of intent so far as disposition to the wife is concerned. It may be that as to the one fourth that was not to go to the wife, it could reasonably be held that there was no testamentary disposition. But as to the wife and the share she shall take there is no room for doubt as to the intention of the testator. Whatever might ultimately be done with the remainder, she was to have the portion already specified. Any other construction would make the act of the testator in executing the will an absolutely idle one so far as any protection to the wife was concerned. She would take under the will exactly what she would take without the will. But the will clearly shows the intention that she shall have something more than the portion she would take of the separate estate under the law of succession, and the amount that she shall take is clearly defined.

The decree appealed from is affirmed.

Shaw, J., and Sloss, J., concurred.