[Civ. No. 2040. First Appellate District.—June 26, 1917.]

## ROSE C. SARGENT et al., Appellants, v. ELFRIDA EADE–JOHNSON COREY et al., Respondents.

WILL—CONTRACT FOR TESTAMENTARY DISPOSITION—SUBSEQUENT MARRIAGE AND BIRTH OF ISSUE—WITHHOLDING OF EQUITABLE RELIEF.— While a man ordinarily may make a valid agreement binding himself to dispose of his property in a particular way by last will and testament, which a court of equity will specifically enforce by treating his heirs as trustees, and compelling them as such to convey the property according to the contract, nevertheless such a contract will not be specifically enforced where the man marries after making it and issue is born to the marriage, and the wife has no notice or knowledge of the contract until after her husband's death, which occurred twelve years after the marriage.

ID.—ACTION TO ENFORCE CONTRACT—EQUITABLE DIVISION—LACK OF JURISDICTION.—In an action to enforce such a contract the trial court is without power to make any equitable division of the property, notwithstanding the value thereof is large and that it would be inequitable to impress a trust upon all of it in favor of the plaintiffs.

ID.—PLEADING—REFUSAL OF—AMENDMENT OF COMPLAINT—DISCRETION NOT ABUSED.—In such an action it is not an abuse of discretion to refuse to permit the complaint to be amended by setting up the execution of a mutual will by the testator and his first wife in favor of the plaintiffs, where it is shown that the same was executed several years subsequent to the contract sued upon, and no showing made that it was intended to be irrevocable.

APPEAL from a judgment of the Superior Court of Monterey County. G. W. Nicol, Judge Presiding.

The facts are stated in the opinion of the court.

C. F. Lacey, J. A. Bardin, Andresen & Sargent, Maxwell McNutt, G. A. Daugherty, B. V. Sargent, and Charles W. Cobb, for Appellants.

Charles W. Slack, Chauncey S. Goodrich, and W. W. Sanderson, for Respondents.

LENNON, P. J.—The plaintiffs in this action sought to secure a decree that the defendants hold in trust for them

34 Cal. App.—13

certain real property which, by a deed of gift dated October 24, 1908, was conveyed by Hiram Corey to the defendants Elfridà Eade-Johnson Corey, his second wife, and Augusta Eleanor Corey, his daughter, who was the issue of his second marriage.

The gist of the plaintiffs' case is found in the contention that the conveyance attacked was executed in violation of the rights of the plaintiffs arising out of an oral contract pleaded and proven to have been entered into by and between Hiram Corey and Rose Corey, his first wife, and Charles Littlefield, the father of plaintiffs, wherein the latter agreed to surrender unto Hiram and Rose Corey, his then infant children (the plaintiffs herein), and forever relinquish all of his rights as a parent of said children in consideration of the promise of Hiram and Rose Corey that upon the death of the survivor of them, the plaintiffs herein "should and would succeed" to the property then owned or thereafter acquired by said Hiram and Rose Corey.

The circumstances attending and surrounding the alleged agreement as revealed by the record substantially stated are these: Hiram and Rose Corey were married in the year 1856. Hiram Corey and Sarah Littlefield, the mother of the plaintiffs, were brother and sister. Sarah Littlefield died on June 1, 1871, and left surviving her a husband, Charles Littlefield, and three children—the plaintiffs herein—who at that time were all of tender age. After the death of Sarah Littlefield the Coreys took the three children to their home and reared them as their own. The Coreys had then been married some fifteen years, were without children of their own, and no issue was thereafter born to them. Rose Corey died in March, 1900, leaving no property. Thereafter, on the twenty-second day of May, 1901, Hiram Corey married the defendant, Elfrida Corey, and in the following year as the result of this marriage the defendant Augusta Eleanor Corey was born. She was the sole issue of that marriage. On October 24, 1908, Hiram Corey executed to his wife and child a deed of conveyance of certain real and personal property worth approximately two hundred thousand dollars, and deposited this deed with the Bank of Salinas, Monterey County, with directions to hold the same until his death and then to deliver it to the defendants. Hiram Corey died in September, 1913, when the

bank as directed delivered the deed, followed by the institution of this action.

The trial court found that the contract between the father of plaintiffs and Hiram and Rose Corey had been made upon an adequate consideration to the respective parties thereto, but further found that Elfrida Corey never had notice or knowledge, actual or otherwise, of the making, existence, or terms of said contract until after the death of her husband; that while said contract was just and reasonable when made, it inherently became unjust to the defendant widow and child; that it was terminated by the marriage of Hiram Corey and the defendant Elfrida, in May, 1901, and that by reason of such marriage and the birth of issue therefrom the deed of gift to the wife and child cannot be regarded as a violation of the contract. Accordingly judgment was entered for the defendants, from which the plaintiffs have appealed.

It is evident from the record before us that the judgment of the court below was impelled by a consideration of the case of *Owens* v. *McNally,* 113 Cal. 444, [33 L. R. A. 369, 45 Pac. 710], and in our opinion that case is decisive of the case at bar.

In the case cited the facts were substantially these: One Lawrence McNally, aged fifty-four years, represented to his niece, Maria B. Owens, that he had property but no one to care for him, and that if she would leave her home and parents and thereafter live with and care for him, he would bequeath to her all property which he might own at the time of his death. McNally died intestate, and the niece instituted an action against the widow and other heirs for specific performance of the agreement. Mr. Justice Henshaw, the author of the opinion in that case, after a very able and clear discussion of principle and authority bearing upon the law and the facts of the case—which latter were in all their essential features the same as those in this case—concluded and declared that while a man ordinarily may make a valid agreement binding himself to dispose of his property in a particular way by last will and testament, which a court of equity will specifically enforce by treating his heirs as trustees, and compelling them as such to convey the property according to the contract, nevertheless such a contract will not be specifically enforced where the man marries after making it, leaving his wife in ignorance thereof, as marriage under such circumstances is sufficient to warrant the court in withholding equitable relief.

There is nothing in the facts of the case at bar differentiating it from the McNally case save and except that they present, in our opinion, a stronger reason for the application of the rule there laid down; for in addition to the rights of a wife and widow there involved, we have here the rights of a minor child. Here too the equities of the defendants are more potent than those in the McNally case. The marriage was not only fruitful, but endured twelve years as against eight months in the McNally case; the defendants here are widow and minor child; there they were widow and collateral relatives, so that whatever may be said with reference to the equities of the plaintiffs in the present case, they certainly are not superior, nor even equal, to those of the defendants.

Counsel for the appellants argue that the rule laid down in the McNally case is mere *dictum*. We do not so consider it. The point was necessarily decided in that case, and the rule has since been followed in many similar cases that have arisen in California and other jurisdictions, and its correctness reiterated and reaffirmed. (*McCabe* v. *Healy*, 138 Cal. 81, [70 Pac. 1008]; *Flood* v. *Templeton*, 148 Cal. 374, [83 Pac. 148]; *Rogers* v. *Schlotterback*, 167 Cal. 35, [138 Pac. 728]; *Stewart* v. *Smith*, 6 Cal. App. 152, [91 Pac. 667]; *Barry* v. *Beamer*, 8 Cal. App. 200, [96 Pac. 373]; *Dillon* v. *Gray*, 87 Kan. 129, [123 Pac. 878]; *Bernard* v. *Benson*, 58 Wash. 191, [137 Am. St. Rep. 1051, 108 Pac. 439].)

Appellants suggest that as the value of the property involved is large, and it having been found inequitable to impress a trust upon all of it in their favor, some equitable division according to the equities of the parties should have been made. To do so would be to make and enforce a contract different from the one made by the parties, and the trial court of course had no power to do any such thing.

The only other question presented for consideration is the ruling of the trial court denying the motion of plaintiffs to amend their complaint by setting up the alleged execution of a joint will by Hiram and Rose Corey in favor of plaintiffs, which will, it is claimed, was not revoked during the life of Rose Corey. The purpose of the amendment was to raise the issue as to whether or not after the execution of such alleged joint will it was within the power of Hiram Corey, by a subsequent marriage or by means of a deed of gift to his

wife and daughter, to divert the property here claimed in a course contrary to the provision of such joint will, it being the claim of the plaintiffs that the joint will constituted an executed covenant by the Coreys to stand seised for the benefit of the Littlefields, who thereby acquired vested rights in the property. The reply of respondents to this contention—which we think is complete—is that the proposed amendment presented a new cause of action, namely, the assertion of rights under a supposed executed testamentary contract made in 1889 between Hiram and Rose Corey, whereas the cause of action pleaded and tried was wholly founded on the alleged executed contract of 1871, to which the two Coreys and Charles Littlefield were parties. And furthermore, even admitting that the execution of the mutual will was proven, it does not appear that it was the result of a contract between Hiram and Rose Corey, or was intended by them to be irrevocable. (*Estate of Learned,* 156 Cal. 309, [104 Pac. 315].)

Upon the whole, we are of the opinion that the refusal of the court to permit the proposed amendment was a proper exercise of discretion, and should not be disturbed.

The judgment appealed from is affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 23, 1917.