In the Matter of Estate of Mollie E. Yocom, Deceased. Ethel Y. Priddle, Objector-Appellant, v. Charles F. Barber, Executor-Appellee.

Gen. No. 9,939.

Opinion filed May 21, 1954. Released for publication June 7, 1954.

BENJAMIN S. DE BOICE, of Springfield, for appellant.

BARBER & BARBER, and GIFFIN, WINNING, LINDNER & NEWKIRK, all of Springfield, for appellee; D. LOGAN GIFFIN, and JAMES M. WINNING, both of Springfield, of counsel.

MR. JUSTICE CARROLL delivered the opinion of the court.

This proceeding results from a controversy arising in the course of administration of the estate of Mollie E. Yocom, deceased, in the probate court of Sangamon county.

The facts, which are not in dispute, are that on April 22, 1946, decedent executed her will; that the first item of said will reads as follows:

"FIRST: I direct that all my just debts and funeral expenses and all inheritance taxes assessable against my estate or any beneficiary thereof be fully paid.";

that the second item thereof, after empowering her executor to convert all of her property remaining after the payment of debts into cash, provides as follows:

"After the payment of the debts and charges against my estate as set forth in Item First hereof, I give and bequeath the net proceeds of sale of said property and estate and any accumulations of income therefrom one-

fifth part, each to my children, IDA MAE MUNYON, GEORGE E. YOCOM, FRED M. YOCOM, ETHEL Y. PRIDDLE and FLORENCE JOHNSTON.";

that on February 19, 1947 decedent executed a codicil to said will which is as follows:

"FIRST: I hereby alter and amend said Last Will by adding to Item First thereof the following:

"and I hereby direct that my daughter, ETHEL Y. PRIDDLE, be paid from my estate a reasonable amount for my support and care during the time that I make my home with her.";

that said decedent appointed Charles F. Barber executor of said will; that decedent died June 18, 1950; that said will was admitted to probate on July 24, 1950; that September 4, 1950 was designated as claim date in said estate and notice thereof published as provided by statute; that on January 8, 1952 the executor filed a final account showing the payment of all claims and indicating the balance on hand for distribution in accordance with the provisions of said will. On February 28, 1952 Ethel Y. Priddle filed objections to said final account, asserting in substance that the final account fails to show payment to her, in accordance with the provisions of the codicil to said will, of any sum for support and care of the decedent during the time she made her home with the objector; that decedent made her home with the objector for 932 days; that said objector is entitled to $9,320 for care furnished; that said objector is also entitled to compensation for services rendered decedent in managing her farm in the sum of $3,000; and that the account should be restated and the executor directed to pay objector a reasonable amount for her services in accordance with the codicil to the will of decedent.

Mae Munyon and Florence Johnston, daughters and beneficiaries under the said will, moved the court to strike the said objections on the ground that the objector failed to file a claim against said estate, and that any such claim as advanced by said objector is now barred by the limitation on the filing of claims as provided by statute.

Upon a hearing, the probate court ordered the objections stricken. An appeal was taken to the circuit court of Sangamon county, where the cause was heard *de novo* upon the motion to strike the said objections, which motion was allowed by the court and the objections ordered stricken. From this order the objector appeals.

The sole question presented by this appeal is whether appellant is a legatee under the codicil to the will of decedent. Appellant contends that the language employed by decedent in the codicil evidences a clear intention to make her a legatee; that therefore she is not required to file a claim; that it was the duty of the executor to pay her a reasonable amount for care and support furnished decedent; and that the executor having failed to make such payment, it is the duty of this court to direct the trial court to hear testimony, fix the amount due appellant under the codicil and order the executor to recast his final account accordingly.

It is the contention of appellee that such will and codicil simply acknowledge that the appellant should be compensated for such support and care of the deceased as may have been provided by appellant, and for which she had not been paid at the time of decedent's death.

 A principle so well established that citation of authority is unnecessary is that in construing a will, the objective is to give effect, if possible, to the intention of the testator as expressed in the instrument. In

order to sustain appellant's argument, it must appear from the will that decedent by adding a codicil thereto, as she did, intended to make a gift to appellee of a portion of her estate. The language used by decedent and the form of her will are factors which seem to bear strongly upon the question as to her intention. The codicil in question was added to the first item of the will, in which item she directed that her debts be paid. In Item 2 of the will, which was not altered by the codicil, decedent directly referred to her debts in these words "After the payment of the debts and charges against my estate as set forth in Item First hereof . . . ." If decedent intended to make a specific bequest to appellant, it would seem obvious that such bequest would not have been incorporated in an item of the will devoted only to directing payment of her debts, and then later referred to by decedent as a debt and charge against her estate. The fact that decedent acknowledged by the said codicil that she might be indebted to appellant for care and maintenance at the time of her death, would justify no inference that the amount of any such indebtedness was to be a gift. Furthermore, the codicil contains no guide which the executor might follow in determining the amount of the claimed legacy.

While the Illinois Courts do not appear to have passed directly on the question raised by this appeal, the case of *Rowe v. Strother,* 341 Mo. 1149 seems to be in point. In that case, the testatrix died leaving a will containing the following provision:

"I give, devise and bequeath to my physician and friend, Dr. W. G. Rowe, the sum of One Thousand Dollars for the reason that he has been my physician for years and I never felt as though I had paid him what his services were worth, and in addition to said One Thousand dollars, I want my executors to pay him a

reasonable sum for his services as my physician. He has not only been my physician but one of my best personal friends in Blue Springs."

This provision was contained in Item Four of the will. Item One of said will contained a general provision directing the executor to pay the debts against decedent's estate. Dr. Rowe filed a claim against the estate, alleging that the second portion of Item Four constituted a legacy. In holding adversely to the contention of Dr. Rowe, the court said:

"We think the provision 'in addition to said One Thousand Dollars I want my Executors to pay him a reasonable sum for his services as my physician,' indicates such purpose (intention to acknowledge that she owed him an unliquidated doctor bill which she did not want to be considered paid by the One Thousand Dollar bequest) rather than an intent to provide a legacy."

Continuing, the court further said:

"Testatrix did not indicate in her will how much she had previously paid her physician, nor what amount she thought she still owed him; whether or not she meant by the 'reasonable sum,' mentioned the total value of all services rendered, or only the balance due after deducting payments, if any, previously made; whether she had in mind services going back, 'a year or two,' . . . or for the whole period during which Dr. Rowe had treated her; nor whether the services mentioned were services already rendered or included services to be rendered . . . Further, who is to determine the 'reasonable sum' which she said she wanted her executors to pay, and how determine it? The executors? The will does not express an intent to clothe them with such discretion. Was it to be determined by the Court, and if so what Court? The law provides a method for determining and paying debts against a

decedent's estate, viz., by the timely filing of a demand in the probate court."

Appellant relies upon the case of *Estate of Barclay,* 152 Cal. 753. This case is distinguished from the instant case by reason of the fact that the language, there construed as a legacy, was incorporated by the testator in the residuary clause of the will, and was not incorporated, as is the fact in the instant case, in the portion of the will devoted to the purpose of providing for payment of the debts of the testatrix.

██ The facts in the instant case disclose another factor which seems to aid in determining the intention of the decedent. The decedent, by reference to the services of appellant, her daughter, indicated an intention on the part of decedent that the services of appellant were not gratuitous. The law is settled that unless there is evidence of an express contract between members of the same family providing that services of one of the parties to the contract in furnishing care and support are not to be gratuitous, and that payment for such services shall be made, the presumption is that such services are gratuitous. *Martin v. Martin,* 101 Ill. App. 640.

██ Consideration of the language used by the decedent in the instant codicil would seem to lead to no conclusion except that it was not her intention to make the objector a legatee. If it was the intention of the decedent to bequeath any part of her property to objector, is it logical or reasonable to assume that she would direct that objector "be paid" an indefinite sum for support and care furnished by her? We think this query must be answered in the negative. The language of the decedent seems to clearly indicate her intention to acknowledge that at the time of her death she might be indebted to her daughter, the objector, and that such indebtedness should be paid by her executor along

with the other claims against her estate. The facts in the instant case are very similar to those appearing in *Rowe v. Strother, supra,* and the decision reached by the court therein is applicable here. It is this court's conclusion that by the will and codicil under consideration the decedent expressed no intention to make the objector a legatee.

For the reasons indicated, this court is of the opinion that the circuit court of Sangamon county correctly determined the issue raised by appellee's motion to strike the objections of appellant.

The order of the circuit court of Sangamon county is affirmed.

*Affirmed.*