[S. F. No. 4320.   Department One.—October 9, 1905.]

In the Matter of the Estate of ALBERT HENRY WASH-
BURN, Deceased.   JEANIE W. HIGGINS, Appellant,
v. E. P. WASHBURN, and JOHN S. WASHBURN,
Respondents.

ESTATES OF DECEASED PERSONS—PETITION FOR FINAL DISTRIBUTION—
LIEN—UNSETTLED ADMINISTRATION.—The court properly denied a
petition for final distribution of an estate which was still in the
course of administration, and to the granting of which the unpaid
creditors did not consent, and which sought to charge the assets
with a lien for the unpaid debts, legacies, and expenses, and the
discharge of the administrator from further duties, leaving the
distributed property burdened only with the charge of the sums
due, to be paid at the will of the distributees, or when they are
compelled to pay them by suit to enforce the lien.

ID.—UNSETTLED COSTS—RIGHTS OF CREDITORS.—Where the costs of
administration were unsettled and uncertain, the estate was not in
a condition to have the administration closed by a conditional de-
cree; and each creditor is entitled to have the proceeding in admin-
istration kept on foot, and the property kept in legal custody
until his debt is paid or secured in some manner provided for in
the statute, and he cannot be required to yield this right and
accept a lien or charge on the property to be enforced in some
new and independent proceeding.

APPEAL from a judgment of the Superior Court of Mari-
posa County and from an order denying a new trial.   J. J.
Trabucco, Judge.

The facts are stated in the opinion of the court.

A. Everett Ball, and J. M. Corcoran, for Appellant.

Wilson & Wilson, and Congdon & Congdon, for Respond-
ents.

SHAW, J.—This is an appeal from a judgment denying
the petition of Jeanie W. Higgins for distribution of the
estate of Albert Henry Washburn, deceased, and from an
order denying her motion for a new trial in the proceeding.
The following is a statement of the material facts established
by the record and the findings of the court:   The deceased

by his will bequeathed some small specific money legacies to
certain persons named, and gave all the residue of his estate
to Edward P. Washburn, John S. Washburn, and Jay B.
Cook, in trust during the lives of his wife, Jean Bruce Wash-
burn, and his daughter, Jeanie W. Higgins, to manage, con-
trol, invest, and reinvest the same, according to their own
judgment, and to pay the net income thereof to his wife and
daughter in equal shares during the lives of both, and there-
after to the survivor during her life, and upon the death of
the survivor that the trust should cease and the property
should thereupon vest in Henrietta and Charles Higgins, chil-
dren of his daughter aforesaid, and in such other children
as should be born to her, or such of them as were then living,
share and share alike.  The parties named as trustees were
also made executors of the will.  Cook renounced as executor,
and the two Washburns were duly appointed and qualified.
The estate was all community property, and his widow trans-
ferred and conveyed to the petitioner, Jeanie W. Higgins,
the entire one half thereof, being the one half which, as com-
munity property, vested in said widow, and was not subject
to testamentary disposition.  Thereafter the widow died, and
the petitioner, being thereupon entitled to the whole of the
income of the residue, under the terms of the trust, relin-
quished and surrendered all of her rights under the trust
to her said children, Henrietta and Charles.  She claims that
this surrender acted as a merger, and clothed the two children
with the absolute present title to all of the estate that was
disposed of by the will; that is to say, to the one half thereof.
A final account of the executors had been settled.  The decree
settling the same showed that there was but $819 cash on
hand, and that the bulk of the estate consisted of shares of
stock in two corporations, known as the Yosemite Stage and
Turnpike Company and the Wawona Hotel Company, the
value not appearing, and that there was $4,000 unpaid on
the legacies, $12,839.02 unpaid on the claim of E. P. Wash-
burn as a creditor, and $1,713.14 unpaid on the claim of
John S. Washburn as a creditor, both of which claims were
due and had been regularly allowed.  There were also due to
them as executors their costs of administration, including
commissions.  These costs were not mentioned in the final
account, and had not been settled or allowed, but the findings

CXLVIII Cal.—5

state that they were due and unpaid. Henrietta and Charles Higgins were minors, and the petitioner was their duly appointed guardian. The two Washburns appeared as creditors, and in that capacity objected to any final distribution of the estate, their objections being based on the ground that their debts were unpaid. They also objected as executors on the ground that the debts and legacies were unpaid, that their commissions as executors and other expenses of administration were due, owing, and unpaid, and that there was not sufficient money on hand to pay the same. More than one year had elapsed since the first publication of notice to creditors, and the findings are that the estate was in a condition to be closed and distributed as soon as the legacies, debts. and costs of administration were settled and paid, but that unless by a sale, which none of the interested parties desired, the only means of paying these sums was the income of the property, of which a sufficient amount for that purpose had not yet accumulated.

The petitioner claimed that she was entitled absolutely to one half of the property, and that her two children were entitled absolutely to the other half, both being subject to the payments of the debts, legacies, and costs of administration, and she asked distribution accordingly, and offered to pay the above charges upon a decree of distribution as prayed for being granted. Section 1663 of the Code of Civil Procedure provides that after one year from the issuance of letters an heir, a devisee, or legatee may have his portion of the estate distributed to him, if the estate is but little indebted, and it can be done without loss to the creditors, provided such party give a proper bond as security for his share of the debts, or, if the debts are secured by a sufficient mortgage on real estate, distribution may be ordered without bond. Provisions of like character, in which a bond is made indispensable, are found in sections 1658 to 1661, inclusive. The proceeding here involved does not come under either of these statutory provisions. It purports to be an application for a final distribution of all the property of the estate, without bond or security for the debts. The real proposal of the petitioner is that all the property be turned over to the distributees, subject to the debts, legacies, and expenses, that the executors be discharged, and that said distributees shall un-

dertake to complete the process of administration of the estate by paying the said debts, legacies, and expenses.

Under the circumstances of this case the court properly refused to make the distribution prayed for. Where the creditors and other parties entitled to the payment of money in due course of administration consent that the administration be closed and that the property of the estate be distributed to the persons entitled, without the payment of such claims, but subject to a lien therefor, doubtless the court, in its discretion, and upon request of the persons entitled to distribution, may make an order accordingly. And under the sections above referred to where the debts are secured by mortgage or by a bond approved by the court, a person entitled to distribution may have his portion distributed to him, although the creditors do not consent thereto. This may possibly be the case, even if such person be the sole heir and entitled to the entire estate, although this is a question we do not decide. In all such cases, however, the administration is not closed, but continues for the payment of the debts and expenses of administration. But we know of no authority for the proposition that the court, upon petition of the distributees, and over the objection of the creditors or without their consent, may arrest the course of administration, charge the assets with a lien for the unpaid debts, legacies, and expenses, discharge the administrator from further duties respecting the estate, and deliver the property of the estate to the heirs, residuary legatees, or devisees, burdened only with the charge for the sums due, to be paid at the will of the distributees, or when they are compelled to do so by a suit to enforce the lien. If it be contended that this extreme course was not proposed, and that the petitioner asked only a conditional decree that the executors deliver the property to the distributees upon condition that the distributees should concurrently pay to the executors the amounts due for legacies, debts, and costs of administration, and it be conceded that, in a proper case, such a decree might be made, still it could not be done here, for the costs of administration were unsettled and uncertain. The estate was not in a condition to have the administration closed. It may be admitted that if the necessary money had been proffered in court the court might, in its discretion, have then and there proceeded

to settle the commissions and costs, and having done so, directed the payment of the money on the one hand, and the distribution of the estate on the other hand, to the parties entitled. No such course was pursued or proposed. The offer was to pay the debts, etc., "on the decree of distribution being granted," which means after the granting of the decree and at some indefinite time in the future. This construction of the findings as to the offer is shown to be correct by the evidence, which was to the effect that the only payment offered was one to be made subsequently at a bank in San Francisco. One of the principal objects of administration is the payment of the debts of the deceased. For that purpose, the assets are subjected to the jurisdiction of the court, and to that extent it is a proceeding for the benefit of the creditors. Each creditor is entitled to have the proceeding kept on foot and the property kept in legal custody, until his debt is paid, or secured in some manner provided in the statute, and he cannot be required to yield this right and to accept a lien or charge on the property to be enforced in some new and independent proceeding.

We do not consider it necessary to discuss or determine the question whether or not the transfer by the petitioner of her interest under the trust to the two children now born to her caused a merger of the whole estate in the property in the said children, so as to terminate the trust and authorize a distribution of the absolute title to those two, subject to be opened to let in as part owners children who may be hereafter born to petitioner, who may be living at her death.

The judgment denying distribution and the order denying a new trial are affirmed.

Angellotti, J., and Van Dyke, J., concurred.

Hearing in Bank denied.