[S. F. No. 8313. Department Two.—December 7, 1917.]

In the Matter of the Estate of ANDREW ALLEN, Deceased. HANNAH A. PEARSON, Appellant, v. JOHN EL-LIOTT, Respondent.

ESTATES OF DECEASED PERSONS—CONTEST OF WILL—CONCLUSIVENESS OF JUDGMENT.—A person interested in the estate of a deceased person, who has legal notice of the contest of a will, becomes, in point of law, an actor in the contest and is bound by the result.

ID.—SUCCESSIVE CONTESTS BY DIFFERENT HEIRS—DISMISSAL.—Where one of the daughters of a testatrix contests her will on the ground of unsoundness of mind, and the verdict of the jury on the hearing of the contest is in favor of the will and against the asserted ground of unsoundness of mind, a contest filed by another daughter on the same ground is properly dismissed.

ID.—PROCEEDING IN REM—BINDING EFFECT OF PROBATE.—The probate of a will is a proceeding *in rem,* binding on all persons interested in the will, who, being constructively notified to appear at the probate, might have come in, and who, had they come in, would have been heard for or against the will.

APPEAL from an order of the Superior Court of Alameda County dismissing a contest of a will. William S. Wells, Judge.

The facts are stated in the opinion of the court.

Peter J. Crosby, and Stanley R. Sterne, for Appellant.

McNair & Stokes, for Respondent.

HENSHAW, J.—Andrew Allen died testate, leaving surviving him two adult daughters. In March, 1916, his will was offered for probate. Thereafter one of these daughters, Jane A. Allen, filed her grounds of contest and the proponent of the will made answer thereto. Amongst these grounds of contest was the asserted unsoundness of mind of the testator. In due course the hearing of this contest was had before a jury, and the verdict of the jury was in favor of the validity of the will, and, of course, against the asserted unsoundness of the testator's mind in its execution. This was on the thirteenth day of February, 1917, and the court thereupon continued the petition for probate for further proceedings to

the sixteenth day of February, 1917. On the fifteenth day of February, 1917, the other daughter, Hannah A. Pearson, appellant herein, filed her ground of contest and served copies thereof upon the proponent of the will and upon her sister. The ground of contest was the same ground of unsoundness of mind upon which the determination of the jury had just been received. This second contest was met by the proponent of the will with a motion to dismiss, supported by affidavit. The hearing of all these matters was duly continued until the fifth day of March, 1917, when the court granted the motion to dismiss. The contest was dismissed, the will was admitted to probate, and Hannah A. Pearson appeals.

Appellant based the contention of her right to be heard on her contest, principally upon the *Estate of Mollenkopf,* 164 Cal. 576, [129 Pac. 997], but to this the conclusive answer is that the court in that case was not called upon to consider, and therefore did not consider, the peculiar features presented by the case at bar. We are not here concerned, as was the court in the Mollenkopf case, with the question merely as to the time when a contest could be filed, nor with the limitation put by the law upon that time. We are here concerned with the effect of the determination of the previous contest upon the right of this appellant to contest at all, and as is answered the question, was this appellant in law a party to and bound by the result of the previous contest, so will be answered the question as to whether or not the court erred in dismissing her contest.

It is made to appear that this contestant was a witness at the trial and gave testimony bearing upon the very matter of the asserted unsoundness of her deceased father's mind. But we need attach and do attach no legal weight to this fact. The essential fact is that by the provisions of our law she was a party interested in the estate, had legal notice of the contest, became in point of law an actor in it, and is bound by the result. The legal notice of the offer of the will to probate ran to all those interested in the estate, of which this appellant was unquestionably one. (Code Civ. Proc., secs. 1303, 1304; *Gridley* v. *Boggs,* 62 Cal. 190; *Curtis* v. *Underwood,* 101 Cal. 661, [36 Pac. 110].) The probate of a will is a proceeding *in rem,* binding on all persons interested in the will who, being constructively notified to appear at the pro-

bate, might have come in, and who, had they come in, would have been heard for or against the will. (Black on Judgments, sec. 638; *Estate of Baker*, 170 Cal. 578, [150 Pac. 989].)

The issue of soundness or unsoundness of mind which had been resolved by the jury in favor of the validity of the will was thus as binding upon this appellant as though she herself had been the actual contestant. She was a party aggrieved under section 938 of the Code of Civil Procedure. She had the unquestioned right as such heir at law and party aggrieved to have appealed from the decree admitting the will to probate. (*Estate of Crooks*, 125 Cal. 459, [58 Pac. 89]; *Estate of McDermott*, 127 Cal. 450, [59 Pac. 783]; *Estate of Colton*, 164 Cal. 5, [127 Pac. 643].) Her remedy, therefore, was by such an appeal and not by an attempt in the form of a new contest to retry an issue which had been decided adversely to her. The court in probate, therefore, did not err in dismissing her contest, and the decree so doing is affirmed.

Melvin, J., and Lorigan, J., concurred.