[Civ. No. 2601. First Appellate District, Division One.—January 31, 1919.]

JOHN WARREN et al., Appellants, v. MARIE ELLA ELLIS, Respondent.

ESTATES OF DECEASED PERSONS—DECREE OF DISTRIBUTION—CONCLUSIVENESS.—After a decree of distribution of an estate, regularly made and unappealed from, had become final, persons claiming to be heirs of the deceased could not maintain an action to vacate, as erroneous and void, and taken through mistake, inadvertence, and excusable neglect, two judgments, both referred to in the decree as having been "duly given and made," at dates prior to the decree of distribution, one being in an action in which the distributee had sought the spe-

cific performance of an alleged agreement by the decedent to make a will devising and bequeathing her entire estate to the plaintiff, and the other being in a proceeding under section 1664 of the Code of Civil Procedure by the same person, claiming under the same allegations as in the action for specific performance, that she was entitled to distribution of the estate.

ID.—MATTERS PASSED UPON—EFFECT ON DECREE.—In such case the record showing that the validity of the judgment in the suit in equity and of the judgment in the proceedings under section 1664 of the Code of Civil Procedure, under which the distributee claimed title, was directly passed upon on the hearing for distribution, the decree based thereon, whether erroneous or not, was binding upon the whole world and therefore conclusive upon the plaintiffs in this action with the same force and effect as though their claims had been presented and disallowed.

ID.—PLEADING—EXTRINSIC FRAUD NOT ALLEGED—DEMURRER PROPERLY SUSTAINED WITHOUT LEAVE TO AMEND.—In such case the decree of distribution having become final could only be vacated because of extrinsic fraud, and inasmuch as the complaint contained no such allegation, and merely sought to assail the validity of the judgments on which the decree of distribution was based, a demurrer thereto was properly sustained without leave to amend.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George E. Crothers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Charles L. Brown, Clarence E. Todd and Tirey L. Ford for Appellants.

Sullivan & Sullivan and Theo. J. Roche for Respondents.

KERRIGAN, J.—This is an appeal from a judgment entered upon an order sustaining defendant's demurrer to the plaintiff's second amended complaint without leave to amend.

The action was instituted by plaintiffs, claiming to be the heirs at law of one Mabel Moulton, deceased, for the purpose of recovering a judgment vacating and setting aside certain judgments and decrees previously made in the matter of said estate, and also vacating a certain judgment made and entered in an action theretofore commenced and prosecuted to final judgment by defendant herein against the administrator thereof. The amended complaint sets forth the circumstances

under which the various decrees and judgments were rendered. It appears therefrom that on the seventeenth day of May, 1909, Mabel Moulton, a resident of San Francisco, died intestate. On the first day of June, 1909, M. J. Hynes, the then public administrator of the city and county of San Francisco, was appointed administrator of her estate. About two years thereafter and on the eighteenth day of April, 1911, the respondent herein, Marie Ella Ellis, brought a suit in equity in the superior court against the administrator for the purpose of enforcing specific performance of a certain contract claimed to have been entered into between herself and Mabel Moulton, deceased, whereby said Mabel Moulton agreed to make a will devising and bequeathing her entire estate to respondent in consideration of certain personal services to be, and which were claimed to have been thereafter rendered. In this suit in equity the respondent herein was the sole plaintiff, and the administrator was sole defendant. In the complaint it was alleged that the deceased left her surviving no heirs or next of kin. Thereafter and on December 3, 1912, about three years after the decedent's death, the administrator filed an answer to the complaint, in which all the material averments of plaintiff's complaint were specifically denied. Subsequent to the filing of the complaint in this action the respondent herein had also instituted proceedings under section 1664 of the Code of Civil Procedure, claiming that she was entitled to the distribution of the estate of said deceased. Thereafter she filed a complaint under these proceedings setting forth her claim of ownership and interest in the estate. This complaint was in substance identical with her suit in equity against the administrator. The representative of the estate filed his answer thereto, and the default of all persons except respondent herein, the administrator and one other person was entered.

About this time the state of California, upon relation of its attorney-general, filed a complaint in intervention, denying the allegations of the complaint, and alleging that deceased had died intestate, and he claimed an escheat. A compromise was had between the parties. The equity suit then came on regularly for trial, and judgment was given for plaintiff by which it was decreed that the administrator held certain property which was described in the decree and which constituted a portion of the estate of Mabel Moulton,

deceased, in trust for the plaintiff therein, who was adjudged to be the owner and entitled to the possession thereof. The trial of this action was had and the judgment rendered pursuant to an order by the lower court authorizing a compromise and settlement of the claim of respondent herein. The order of compromise was based upon a petition filed by the administrator and joined in by respondent and by the state of California, acting through A. B. Nye, its then controller, and U. S. Webb, its attorney-general. This petition was regularly set for hearing, and the order was made directing the litigation to be settled, and the decree above mentioned followed. At the same time judgment was entered in favor of Marie Ella Ellis, respondent herein, in the section 1664 proceeding instituted by her, wherein it was adjudged that the property mentioned in the compromise agreement be distributed to her, and the residue of the estate, consisting of the sum of $6,763.35, and all other property not known, was decreed to have escheated to the state.

What evidence was taken in the equity suit or in the section 1664 proceedings does not appear in this action. Both decrees were filed in June, 1913, and no appeal has ever been prosecuted from either of them, and they have long since become final. Shortly after the entry of these decrees the administrator filed his petition, praying for final distribution in the estate, and thereafter on July 17th of the same year his petition was heard and determined by the court, and a decree of final distribution was made and entered September 2, 1913.

In this decree the judgment in the suit in equity to enforce the agreement to make a will is referred to as being "duly given and made," and the decree likewise specifically refers to the judgment in the proceedings under section 1664 of the Code of Civil Procedure, which is also therein found to have been "duly given and made." It is further found that Mabel Moulton left her surviving no known heirs or next of kin, and that the real and personal property previously adjudged to belong to Marie Ella Ellis "be and the same is hereby distributed to Marie Ella Ellis," and that the residue of the estate, consisting of the sum of $6,763.35 and all other property not now known, is declared to have escheated to the state.

No appeal was ever prosecuted from this decree, and it, too, has long since become final.

The first notice or knowledge had by plaintiffs, or either of them, so it is alleged in their complaint, of any of the decrees and judgments above enumerated was in the month of May, 1914. The original complaint herein was filed on the eighth day of May, 1914. On the twenty-seventh day of May of the same year appellants herein, in the matter of the estate of Mabel Moulton, deceased, served and filed a written notice of motion for an order setting aside the judgment made and entered in the proceedings instituted under section 1664 of the Code of Civil Procedure. The motion was made upon the claim that the judgment was erroneous and void, and that it was taken through mistake, inadvertence, and excusable neglect. The affidavit upon the motion alleged that appellants were the heirs of Mabel Moulton, deceased. On the same date appellants also served and filed their notice of motion for an order to vacate and set aside the decree of final distribution. This notice was likewise accompanied by an affidavit containing statements practically identical with those made on the motion to set aside the judgment in the section 1664 proceedings. These motions were both denied.

As grounds for reversal of the order sustaining the demurrer to the complaint appellants contend:

(1) That the decree in the equitable suit brought by this respondent against the public administrator is of no legal effect, because of the absence of necessary parties defendant.

(2) That the decree in the section 1664 proceedings is void for the reason that it was beyond the power of the court to render such a decree in that proceeding.

(3) That the decree of final distribution does not constitute an estoppel respecting the issues raised by the complaint herein, for the reason that such issues were neither presented nor determined in the proceeding on final distribution.

Respondent, on the other hand, relies upon all the orders and decrees had in the various proceedings.

It is manifest that if respondent has deraigned title to the property she holds under any of these decrees appellants are not entitled to the relief here sought and the judgment must be affirmed. As we are of the opinion that appellants are concluded by the decree of distribution, no useful purpose can follow a discussion of the force or effect of the other decrees, and we will confine our consideration to that decree alone.

The petition for distribution was filed by the administrator of the estate. Its hearing was properly set and notice duly given as provided by law. This is conceded. By the giving of the notice directed by statute the entire world was called before the court, and the court acquired jurisdiction over all persons for the purpose of determining their rights to any portion of the estate. The jurisdiction of the probate court is a jurisdiction *in rem,* the *res* being the estate of the decedent which is to be administered and distributed, with regard to the rights of creditors, devisees, legatees and all the world. (*William Hill Co.* v. *Lawler,* 116 Cal. 359, [48 Pac. 323].)

The question to be considered upon an application for a decree of distribution is whether the court has authority to determine and dispose of the application. Jurisdiction is the power to hear and determine, and it does not depend upon the correctness of the decision made. Jurisdiction existing, mere error of judgment will not vitiate the decree of the court. If error exists it may be corrected on appeal. Nor does the fact that the error appears on the face of the record alter the fact. Here the validity of the judgment in the suit in equity and of the judgment in the section 1664 proceedings, under which respondent claimed title, were directly passed upon on the hearing for distribution; and whether erroneous or not, the decree based thereon is binding upon the whole world, and therefore conclusive upon appellants with the same force and effect as though their claims had been presented and disallowed. (*Goad* v. *Montgomery,* 119 Cal. 558, [63 Am. St. Rep. 145, 51 Pac. 681] ; *Goldtree* v. *Allison,* 119 Cal. 344, [51 Pac. 561] ; *Sohler* v. *Sohler,* 135 Cal. 323, [87 Am. St. Rep. 98, 67 Pac. 282] ; *Estate of Moore,* 96 Cal. 523, [31 Pac. 584] ; *Estate of Learned,* 156 Cal. 309, [104 Pac. 315] ; *Lynch* v. *Rooney,* 112 Cal. 279, [44 Pac. 565].)

The decree having become final, it could only be vacated because of extrinsic fraud. No such question is here presented. There must be some end of litigation. The complaint herein contains no allegation of fraud authorizing the interposition of a court of equity in the obtaining of the decree here sought to be set aside, but seeks merely to assail the validity of the judgments on which it is based, and it does not show any ground for relief in equity against the judgment, and the demurrer thereto was rightfully sustained.

This being so, the judgment appealed from should be and it is hereby affirmed.

Waste, P. J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 1, 1919, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 31, 1919.

All the Justices concurred, except Olney, J., who was absent.