[Civ. No. 3491. First Appellate District, Division Two.—December 27, 1920.]

A. SIME et al., Respondents, v. MARY A. HUNTER, as Administratrix, etc., Appellant.

[1] ESTATES OF DECEASED PERSONS—REJECTION OF CLAIM NOT YET DUE—SUIT TO ESTABLISH—EQUITY.—When a claim not yet due has been rejected by the representatives of an estate without cause, the court may, upon a showing of necessity therefor, entertain a suit in equity to establish the claim and sequester sufficient funds of the estate to meet the payment when it becomes due.

[2] ID.—CLAIM BY PARTNERSHIP — SUFFICIENCY OF AFFIDAVIT. — When an affidavit is required to be attached to a claim of a partnership against an estate, it is sufficient that such affidavit be made by one of two or more partners on behalf of himself and those associated with him.

[3] ID.—REJECTION OF SUCCESSIVE CLAIMS—SUIT IN EQUITY TO ESTABLISH—SELECTION OF CLAIM RELIED UPON.—In a suit in equity against the administratrix of an estate to establish the rights of the plaintiffs as evidenced by certain promissory notes executed by the deceased, but which are not yet due, the plaintiffs—who had filed several successive claims against the estate based upon such indebtedness, all of which were rejected—are not required to rely upon any particular one of the claims that were filed.

[4] ID.—CLAIM IN PARTNERSHIP NAME—SUFFICIENCY OF. — A partnership claim against an estate is not defective in form because made in the name of the partnership and not in the name of all the individual members thereof. The form of a claim against an estate is not required to meet the rigid rules of pleading applied to a complaint.

[5] ID. — INDORSEMENT OF NOTES WITHOUT RECOURSE — EFFECT OF — OWNERSHIP—RIGHT TO REQUIRE ADDITIONAL PROOF.—Where promissory notes are indorsed by the payee without recourse, they are payable to bearer; and if the administratrix of the estate of the maker of said notes, when a claim is presented against the estate based thereon, has any doubt as to the ownership of the notes or the effect of the indorsements thereon, she has the right, under section 1494 of the Code of Civil Procedure, to require additional vouchers or proofs to be produced in support of the claim.

1. Right of owner to have undue claim declared valid against decedent's estate, note, Ann. Cas. 1913D, 1221.

4. Statement of claims against decedent's estate, note, 130 Am. St. Rep. 311.

[6] ID.—FICTITIOUS NAME—COMPLIANCE WITH CODE PRIOR TO TRIAL.— Compliance with the provisions of sections 2466 and 2468 of the Civil Code prior to the trial of an action based upon a contract or transaction had by the plaintiffs under a fictitious name is sufficient.

APPEAL from a judgment of the Superior Court of Monterey County. J. A. Bardin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wallace M. Pence for Appellant.

Hugh R. Osborn for Respondents.

NOURSE, J.—Plaintiffs commenced this action in equity against the defendant as administratrix of the estate of her deceased husband to procure a judgment establishing their claim against said estate, based upon two promissory notes not then due and to impound and sequester sufficient funds of said estate in order that said claim might be paid in due course of administration when due. The amended complaint alleged that two promissory notes in the sum of six hundred dollars each, with interest, were executed and delivered by deceased and his minor son, who disaffirmed his liability thereon; that one of said notes was payable on July 1, 1919, and the other on July 1, 1920; that both were made payable to Norm W. Thompson, or order, and were sold, assigned, indorsed, and delivered to plaintiffs; that a contingent claim based upon said notes was presented to defendant as such administratrix within due time, and that the same was rejected by her; that the said administratrix was proceeding to defeat said claim when due by dissipating the property of the estate so far as was within her power by having set aside to her as exempt from execution all the farming implements and personal property, which was greatly in excess of one thousand dollars in value, by obtain-- ing a family allowance of one hundred dollars a month, which was unnecessary, by selling other personal property belonging to the estate and failing to account therefor or to pay claims against the estate with the proceeds, and by continuing the farming operations upon the estate for a period of two years without accounting to the court, and in

such negligent manner as to dissipate the entire estate; that claims against said estate aggregating twenty-two thousand dollars had been approved, but that none of such claims had been paid; also that claims aggregating five thousand two hundred dollars had been presented against said estate and re- jected. As to the presentation of plaintiffs' claim, it was alleged that within the time allowed by law, and pursuant to notice to creditors, the plaintiffs presented their claim based upon said promissory notes, and attached thereto a full, true, and correct copy of said notes, together with all indorsements thereon; that said claim was rejected by defendant as not in proper form; that thereafter and within due time another claim based upon said promissory notes setting forth all particulars thereof and containing a full, true, and correct copy of said notes and all indorsements thereon was presented to defendant by mail, but that she claimed she had not received it; that thereafter and within due time the plaintiffs again presented their claim based upon the same notes, with a full, true, and correct copy of the notes attached and a statement of the indorsements thereon; that said claim was also rejected by defendant. It was then alleged that plaintiffs were a copartnership or association of persons doing business under the firm name and style of Laton Percheron Horse Association, and that they were desirous of proving their claim so that they could compel the defendant to make some provision for securing it and have standing in the probate court as a creditor of said estate for the purpose of protecting their interests.

All the material allegations of the amended complaint upon which the plaintiffs' prayer for equitable relief was based were admitted by the answer. The defendant did, however, deny the allegations of the partnership relation of plaintiffs, and by way of abatement set up that the provisions of sections 2466 and 2468 of the Civil Code had not been complied with. By way of special defense the defendant alleged that the claim presented by plaintiffs did not contain a copy of the indorsements upon said promissory notes or a statement thereof, and also that said claim was not supported by the affidavit of the claimants, or either of them, or by the affidavit of some other person in their behalf.

The trial court found that the plaintiffs had entered into an agreement or partnership or association; that they had not complied with the provisions of sections 2466 and 2468 of the Civil Code at the time of their association, but that they had done so prior to the commencement of this action; that within due time they presented their claim to the defendant as administratrix of said estate, duly and regularly verified by one of said claimants for said association, and that said claim set forth all the particulars required, including full, true, and correct copies of the promissory notes and a full and complete statement of the indorsements thereon; that each of said notes had upon the back thereof the words "Without Recourse Norm W. Thompson," and that said words were not stated to have been indorsed thereon in the last claim presented, but said claim did contain a statement of the sale and assignment of said notes by the payee thereof to plaintiffs, and also a statement of the payments of interest which had been made by decedent. The court also found that prior to the time of presenting the claim last mentioned plaintiffs had furnished defendant with a full, true, and correct copy of each of said promissory notes showing all the indorsements thereon, together with the payments of interest made, and that defendant had these copies of the notes and the indorsements in her possession at the time of the presentation of the last claim. Judgment followed on these findings in favor of plaintiffs, establishing their claim as a good and valid claim against the estate payable in due course of administration.

Defendant has appealed from this judgment, assigning various technical grounds of attack, those requiring consideration being enumerated as follows: (1) Can an action be brought in any instance in our state upon a claim against an estate upon a promissory note not yet due? (2) Can a claim against an estate made by two or three persons be supported by the affidavit of one of the claimants without stating why it is not made by all? (3) Can a claim against an estate on a promissory note omit a statement of the indorsements, especially of the name of the payee on the note? (4) Was the failure of plaintiffs to comply with sections 2466 and 2468 of the Civil Code within six months after they entered into the partnership fatal to their maintenance of this cause of action?

(1) Section 1498 of the Code of Civil Procedure provides that when a claim is rejected the holder must bring suit within three months after the service of notice of rejection, if due, or within two months after it becomes due, otherwise the claim shall be forever barred. By a long line of decisions interpreting this section of the code it has been held that, though it is perfectly proper to present a contingent claim before it becomes due, an action thereon may not be maintained until after the claim becomes due. However, in the case of *Miller* v. *Miller*, 171 Cal. 269, [152 Pac. 728], it is clearly intimated that in a suit in equity setting forth the condition of the estate, the ability of the personal representatives to provide for future payments, and the necessity of creating a fund to meet the demands of the claimant, the court may, in accordance with section 1648 of the Code of Civil Procedure, create a fund to meet the demand if the claim is established as one absolute excepting only as to time of payment. The case presented upon this appeal is such a case. The allegations relating to the condition of the estate and the actions of the administratrix, all of which show the necessity of creating a fund to meet the payments of the claim when due, are all admitted in the answer. It may be that the judgment should have expressly provided for the creation of such a fund rather than the payment of the claim in due course of administration, but this point is not raised on this appeal, and as from the record it clearly appears that both notes have long since become due, no prejudice has resulted to appellant from the form of the judgment. [1] It would seem, therefore, that the answer to appellant's first query is that, when a claim not yet due has been rejected by the representatives of the estate without cause, the court may, upon a showing of necessity therefor, entertain a suit in equity to establish the claim and sequester sufficient funds of the estate to meet the payment when it becomes due.

(2) Section 1494 of the Code of Civil Procedure provides that every claim which is due when presented must be supported by the affidavit of the claimant, or someone in his behalf, to the effect that the amount is justly due. But "if the claim be not due when filed or presented, or be contingent, the particulars of such claim must be stated." From the wording of the section it would appear

that the affidavit is essential only in the case of a claim which is due. In any event, it is a matter which may be waived, and claims paid without the affidavit attached must be allowed by the court in the settlement of the case if shown to be justly due and paid in good faith. Assuming that the section requires the affidavit in the case of a claim which is not due, it is absurd to say that all members of a copartnership or association of persons must make the affidavit. Under section 2429 of the Civil Code a partner is agent for the partnership in the transaction of its business and has authority to do whatever is necessary to carry on such business in the ordinary manner. That this authority includes the power to collect for the partnership interest a partnership debt cannot be doubted. [2] It is sufficient, therefore, when an affidavit is required to be attached to a claim against an estate, that such affidavit be made by one of two or more partners on behalf of himself and those associated with him.

(3) Section 1497 of the Code of Civil Procedure provides that, if a claim be founded on a note or other instrument, the original need not be filed or presented, "but a copy of such instrument with all indorsements must be attached to the statement of the claim and filed therewith." Technically, under the provisions of this section a claim based upon a promissory note, not accompanied by the original, should contain a copy of the instrument with all indorsements. The first claim which was presented to the administratrix on behalf of the Laton Percheron Horse Association fully complied with the demands of this section. This claim was rejected on August 6, 1918. Thereafter another claim, also meeting these requirements, was sent to the administratrix by mail. This was admitted in the answer. The mailing of the letter having been admitted, the administratrix is presumed to have received it in the regular course. (Sec. 1963, subd. 24, Code Civ. Proc.) No evidence was offered to overcome this presumption, and the court found that prior to the time of presenting the last claim plaintiffs "furnished defendant with a full, true and correct copy of each of said promissory notes showing the indorsement of the above-mentioned words and payments thereon, which defendant had in her possession at the time of the presentment of said claim

and which she retained for a long time thereafter." This finding is not attacked. The situation is, therefore, that the adminstratrix had in her possession true copies of both notes with all indorsements thereon attached to a claim which was filed in due time and which was rejected without cause on August 6, 1918, and prior to the presentation of the claim which was rejected on December 13, 1918. It is said in argument that the first claim filed was rejected because not in due form, but wherein it failed to comply with the statute has not been pointed out. [3] Inasmuch as this is not an action upon a claim, but a suit in equity to establish the rights of respondents as evidenced by the promissory notes, they are not required to rely upon any particular claim which was filed. [4] If the objection to the first claim be upon the ground that it was made in the name of the partnership and not in the name of all the individual members thereof, the objection is not well taken. The form of a claim against an estate is not required to meet the rigid rules of pleading applied to a complaint. (*Thompson* v. *Koeller*, 183 Cal. 476, [191 Pac. 927]; *Western States Life Ins. Co.* v. *Lockwood*, 166 Cal. 185, 196, [135 Pac. 496]; *Doolittle* v. *McConnell*, 178 Cal. 697, 705, [174 Pac. 305]; *Elizalde* v. *Murphy*, 163 Cal. 681, 689, [126 Pac. 978].) Accepting the rule of this state to be as outlined in the foregoing decisions that the purpose of presenting a claim to an estate is to so advise the executor and the court of its nature that they may act advisedly upon it, the claim first presented in this case meets these requirements. [5] The copies of the notes which were attached showed that they were indorsed by the payee without recourse and they were, therefore, accordingly payable to bearer. They showed upon their face that they were not yet due. The affidavit, if one was required by section 1494 of the Code of Civil Procedure, was made by the secretary of the association and fully complied with the statute. "A test of the sufficiency of an affidavit is whether it is so clear and certain that an indictment for perjury may be sustained on it if false." (*Gee Chong Pong* v. *Harris*, 38 Cal. App. 214, [175 Pac. 806].) In the same case the following language from 2 Corpus Juris, 325, was quoted with approval: "An affidavit on behalf of a partnership, therefore, should be sworn to by one of the

partners, and where it appears in the body of the affidavit that it was sworn to by one of the partners it is sufficient, although signed with the firm name.'' If the administratrix had any doubt as to the ownership of the notes or the effect of. the indorsements thereon, she had the right, under section 1494 of the Code of Civil Procedure, to require additional vouchers or proofs to be produced in support of the claim.

(4) The trial court found that prior to the commencement of the action plaintiffs complied with the provisions of sections 2466 and 2468 of the Civil Code. [6] Assuming for the purpose of appellant's argument that this action is one based upon a contract or transaction had under the fictitious name, it is well settled that compliance with these provisions of the Civil Code prior to trial is sufficient. (*Henning* v. *Clark,* 46 Cal. App. 55, [189 Pac. 714]; *Ward Land Co.* v. *Mapes,* 147 Cal. 747, 752, [82 Pac. 426]; *Roullard* v. *Gray,* 38 Cal. App. 79, 81, [175 Pac. 479]; *Rudneck* v. *Southern Cal. M. & R. Co.,* 184 Cal. 274, [193 Pac. 775].)

Other points raised by appellant are all of the same technical character as those heretofore discussed. The obligation of the estate upon the notes has never been denied. The dissipation of the assets of the estate is admitted, and the necessity of this action for equitable relief on the part of respondents is apparent from the record, which discloses a studied and vexatious effort on the part of appellant to avail herself of every technical advantage to escape payment of an admittedly valid obligation.

The judgment is affirmed.

Langdon, P. J., and Brittain, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 24, 1921.

All the Justices concurred.