[S. F. No. 14516. In Bank.—May 26, 1933.]

In the Matter of the Estate of CAMILLE MAILHEBUAU, Deceased. EUGENIE BOUSCAL MAILHEBUAU, as Executrix, etc., Appellant, v. WALTER D. K. GIBSON et al., as Executors, etc., Respondents.

J. J. Dunne for Appellant.

Morrison, Hohfeld, Foerster, Shuman & Clark and C. Coolidge Kreis for Respondents.

THOMPSON, J.—The appellant is the executrix of the last will and testament of Camille Mailhebuau, deceased, and the respondents are the executors of the last will and testament of Adolph B. Spreckels, deceased. The contest herein revolves around two items in the fifth annual account of the appellant. On October 5, 1925, she approved the claim of the Henry Investment Company against the estate in the sum of $10,000, together with interest thereon at six per cent per annum from February 27, 1924, which claim was founded upon an unsecured promissory note. On the same day the executrix and appellant rejected the claim presented by respondents as executors of the last will and testament of Adolph B. Spreckels. Respondents on December 5, 1925, filed an action based upon the rejected claim, which action resulted in a judgment in favor of respondents on June 1, 1927, in the sum of $18,850, together with costs amounting to $14. The District Court of Appeal affirmed the judgment on January 29, 1929. A petition for a hearing in this court was denied and the *remittitur* was filed on April 3, 1929. Prior to the filing of the fourth annual account the appellant had paid on account of the Henry Investment Company claim the interest in full to July 1, 1928, and $2,000 of the principal amount. An objection by respondents to an item of interest in the account first mentioned, in the sum of $480 paid to the Henry Investment Company was disallowed by the probate court on December 31, 1929. However, upon the filing of the fifth annual account the appellant reported $240 interest and $1,000 principal as having been paid on account of the Henry Investment Company's claim. Again the respondents filed objections and exceptions on the theory that the appellant was giving a preference to that claim. The court sustained the objec-

tions; refused to approve the payments aggregating $1240; found that she had that sum available for the payment of debts of the estate; and ordered that she pay it to the respondents. This appeal is from the order just recited and while there is some discussion in appellant's brief concerning a portion of the order requiring her to give bond we shall not discuss that question further than to point out that the notice of appeal specifically excepts that portion of the order.

The first contention of appellant is to the effect that the estate of Spreckels was not a creditor at the time the payments were made to the Henry Investment Company, for which reason she says respondents had no right to object. The basis of this argument is that the judgment in favor of respondents did not become final until April 4, 1929. There is evidence in the record that the sum of $1,000 was paid to that claimant in January, 1929, before the *remittitur* was filed, but that is not conclusive of the matter. █ It is undoubtedly the rule where payments are made to a general creditor by the executor, especially in those cases where, as found by the court here, it is doubtful whether the claims will be paid in full, without any order of the court, that they are made at the peril of the executor. (*Estate of Fernandez,* 119 Cal. 579 [51 Pac. 851].) █ Furthermore, a complete answer to the contention is furnished by the sections of the Probate Code. In section 927 thereof it is provided that any "person interested in the estate may appear and file written exceptions to the account, and contest the same". Section 953, so far as material here, reads: "If there is any claim not due, or any contingent or disputed claim against the estate, the amount thereof, or such part of the same as the holder would be entitled to if the claim were due, established, or absolute, must be paid into court, and there remain, to be paid over to the party when he becomes entitled thereto; or if he fails to establish his claim, to be paid over or distributed as the circumstances of the estate require." It is patent, therefore, that one whose claim has been rejected and who is prosecuting an action upon it is a person interested in the estate. It has been so held. (*Estate of McDougald,* 146 Cal. 191, 195 [79 Pac. 878]; *Sime* v. *Hunter,* 50 Cal. App. 629 [195 Pac. 935].)

■ While stated in different forms, the next attack upon the order is to the effect that respondents were precluded from raising the objection by reason of the disallowance of similar exceptions to the fourth annual account. Appellant says the matter is *res judicata;* that the law of the case has been established; and that respondents are attempting to attack the order made with respect to the former account, although they took no appeal therefrom. There is no merit in the argument. Certainly it is the law that an order allowing an account which has become final is conclusive upon all unpaid creditors (*Estate of Fernandez, supra; Estate of Pratt,* 119 Cal. 156 [51 Pac. 47]), but that rule of law is not applicable in the instant case. The respondents here were objecting to payments made subsequent to the allowance of the fourth account and presented to the court for its appproval by the fifth account. A somewhat similar question was involved and disposed of by this court in *Estate of Bell,* 142 Cal. 97, 101 [75 Pac. 679], in this language: ''The creditors are not complaining of the payments made in the past and charged and settled in the executor's account, since the validity of those payments, by lapse of time and failure to appeal, is no longer open to question, but they may be heard on appeal as to payments subsequently made, and now for the first time presented to the court in probate for its consideration.''

■ Finally it is claimed that the order awarding $1240 is not a *pro rata* distribution of the funds of the estate. This result is arrived at by including the San Francisco Bank, a claimant in the sum of $28,000, which received interest, according to the fifth account, in the sum of $1400.04, and which is not objecting to the order, and excluding payments formerly made to the Henry Investment Company. It is apparent from the discussion to this point that the court was quite within its right in bringing the two creditors more nearly to a *pro rata* basis so far as the partial payment of their claims is concerned.

Order affirmed.

Langdon, J., Preston, J., Curtis, J., Shenk, J., and Seawell, J., concurred.