[Civ. No. 11313. Second Appellate District, Division Two.—April 22, 1937.]

STATE OF OHIO, Respondent, v. CITIZENS NATIONAL TRUST & SAVINGS BANK OF LOS ANGELES (a Corporation), as Executor, etc., Appellant.

Edgar G. Pratt and Irwin M. Fulop for Appellant.

Tscharner & Miller and Herbert S. Duffy for Respondent.

WOOD, J.—Defendant appeals from a judgment rendered in plaintiff's favor in an action upon a rejected claim filed against the estate of Ella A. Stanley, deceased. During her lifetime the decedent was a stockholder of the First-Central Trust Company, a state bank of Akron, Ohio. The bank became insolvent and was taken over by the superintendent of banks of Ohio who caused an assessment to be levied upon the stockholders of record in the sum of $50 for each share. The decedent owned 100 shares of the stock and the assessment which was levied upon this stock was in the sum of $5,000 with interest at 6 per cent on any amount remaining unpaid after September 23, 1933. A written plan for resumption of banking business was put into effect by the various stockholders and this was signed by the decedent during her lifetime. Under its terms she paid the sum of $500 and agreed that the balance: ''or such part as may be necessary, shall be

collected by the superintendent three years after the time of resumption of business by the bank in the event that any sum then remains owed to the depositors and creditors of the present bank''. The bank resumed business January 15, 1934. The plan contained the following provision: ''All the stockholders of the bank consenting to this plan agree as a part thereof that property and assets now owned by them will not be conveyed or transferred during said three year period, except for value, and that all said property and assets or anything received in exchange therefor will be subject to the payment of such part of their unpaid assessment as may be necessary to discharge completely any amount owed to the depositors and creditors of the present bank.''

Defendant notified plaintiff of the death of Ella A. Stanley and asked for details of any transactions pending at the bank. Plaintiff answered on October 8, 1935, and enclosed a claim against the estate in the sum of $4,500, setting forth among other things the date of maturity as January 15, 1937. Plaintiff expressed lack of familiarity with the presentation of claims against estates in California and suggested that if the claims presented were not satisfactory plaintiff would be glad to be advised in order to meet with the California requirements. Plaintiff also enclosed in its letter of October 8, 1935, a copy of the plan for resumption of banking business, to which was attached the consent which had been signed by Ella A. Stanley. The claim was accompanied by an affidavit setting forth the facts. Under date of October 18, 1935, defendant's attorney wrote to plaintiff asking for additional information as to when the balance of the assessment would be due. To this letter plaintiff replied on November 7, 1935, enclosing an additional affidavit in verification of its claim, sworn to under date of October 30, 1935. The claim was rejected by the executor and on November 21, 1935, the claim bearing the word ''rejected'' was filed with the clerk of the court.

In the original complaint plaintiff asked for judgment in the sum of $4,500. In its answer defendant set forth matters concerning the execution of the plan for resumption of banking business. At the trial plaintiff filed with permission of the court an amendment to the complaint in which the execution of the plan was set forth together with allegations that the estate was solvent and was ready for distribution. Plaintiff, in addition to the relief asked in the original complaint,

prayed as an alternative relief that the court order the amount of plaintiff's claim to be paid into court. After trial the court entered its judgment ordering that the amount of plaintiff's claim be deposited with the clerk of the court.

■ Defendant presents many technical objections to the action of the court. It is argued that as a contingent claim the particulars thereof are not sufficiently stated; that the claim is upon a written instrument and a copy thereof is not attached to the claim, although enclosed in the envelope with it. One presenting a claim to an executor is not required to state the facts with the precision and detail necessary in a complaint. (*Dugand* v. *Magnus,* 107 Cal. App. 243 [290 Pac. 309].) It is not necessary, however, to rely upon this rule or to pass upon the validity of defendant's objections since it was stipulated that plaintiff "performed all the legal requirements in connection with the liquidation of the bank, and in connection with the claim of the plaintiff against the defendant herein". In relying upon this stipulation plaintiff cannot be subjected to criticism. It was conceded at the trial that plaintiff has a good cause of action and nowhere in the record do we find any evidence to indicate to the court that plaintiff's claim is not just and lawful.

■ Defendant complains of the ruling of the court permitting plaintiff to file the amendment to the complaint setting forth the agreement which was brought about by the consent of the decedent to the plan. The matter of the plan for resumption of banking business first came into the pleadings by the answer filed by the defendant. ■ The answer itself shows that the plaintiff is entitled to a sequestration of sufficient funds to pay plaintiff's claim on its due date. The defendant cannot object to the granting of the relief to which by its answer it showed plaintiff was entitled.

The action of the court in requiring the defendant to deposit with the clerk a sum sufficient to meet plaintiff's claim was proper. (*Newman* v. *Burwell,* 216 Cal. 608 [15 Pac. (2d) 511]; *Sime* v. *Hunter,* 50 Cal. App. 629 [195 Pac. 935].) Defendant complains that no evidence was introduced showing the necessity for the sequestration. From the record before the court, the pleadings and admitted facts, the court was justified in making the order without the presentation of testimony showing further necessity. It is not claimed by defendant that other creditors will not be paid in full or that funds are not in its hands with which to pay all claims in full.

490

The claim was presented for the sum of $4,500 without mention of interest. Under the California decisions we are compelled to hold that interest is not allowable except after the date of the rejection of the claim. (11B Cal. Jur. 660, and cases cited.)

The court ordered that the sum to be deposited ''shall be paid to the plaintiff on or after January 15, 1937, upon the receipt of plaintiff's attorneys of record, immediately upon the filing with said Clerk by the then Superintendent of Banks of the State of Ohio a Certificate showing the amount of such stockholders liability at that time payable by Ella A. Stanley or her executor under the terms of the Plan for Resumption of Banking Business by The First-Central Trust Company, Akron, Ohio, and the Consent thereto of Ella A. Stanley''. By this order the court placed it entirely within the power of the superintendent of banks of Ohio to determine the amount due upon the claim. This part of the order was erroneous. Defendant should be given the opportunity to question the accuracy of the certificate of the superintendent of banks if it cares to do so. Plaintiff has attempted to file with this court a certificate from the superintendent of banks showing the amount due and payable on January 15, 1937. This showing should be made in the trial court.

The judgment is reversed and the cause remanded to the superior court with directions to proceed in accordance with the foregoing opinion.

Crail, P. J., and McComb, J., concurred.