[Civ. No. 13604.    Second Dist., Div. Three.    Oct. 2, 1942.]

ANNA W. DABNEY, Respondent, v. LOUISE E. DABNEY, Appellant.

Pease & Dolley and Arthur B. Knight for Appellant.

Newby & Newby for Respondent.

SHAW, J. pro tem. — Defendant appeals from a judgment in favor of plaintiff, entered after a trial by the court. Plaintiff sues as the holder of a claim against the estate of Joseph B. Dabney, deceased, which was established by a judgment against the administrators of that estate during administration. The estate of said decedent was distributed without payment of plaintiff's claim in full, she claims, and she seeks to recover from defendant, as principal distributee of said estate, the unpaid amount of her claim and to impress and enforce a lien therefor on the property distributed to the defendant. There is little dispute over the actual facts of the case, but much disagreement about the interpretation of those facts and the law applicable to them.

Joseph B. Dabney, during his lifetime, made two contracts with plaintiff, by each of which he agreed to make her monthly payments during her life, one being for $100 per month and the other for $350 per month. After his death plaintiff presented a claim against his estate on these contracts, and upon its rejection she brought suit against his administrators, of whom the defendant here was one, and obtained a judgment which, in addition to awarding to plaintiff there the amount then due her upon these two contracts, provided that said plaintiff recover from the defendant administrators the sums of one hundred dollars ($100) per month and three hundred fifty dollars ($350) per month respectively accruing under the terms of the contracts, during the life of the plaintiff, and "(4) That the defendants Louise E. Dabney, M. H. Philleo and A. S. Johnston, as administrators of the estate of Joseph B. Dabney, deceased, before the distribution of said estate deposit in court under the terms of section 953 of the Probate Code of the state of California, the sum of forty thousand seven hundred sixteen ($40,716) dollars, for the purpose of paying to the plaintiff the said installments of $100 per month and $350 per month respectively, during the remainder of plaintiff's life, when and as said installments accrue, . . ."

An appeal was taken from this judgment and it was affirmed. (*Dabney* v. *Dabney*, (1935) 9 Cal. App. (2d) 665 [51 P. (2d) 108].) After the decision of the appeal the defendants in that action made all the payments which had accrued while the appeal was pending and deposited with the clerk the remainder of the sum required as a deposit by paragraph (4) of the judgment. Distribution of the estate was then made on November 2, 1936. The amount so deposited was applied by the clerk to payments as provided for in the judgment until February 17, 1941. At this date there remained only $216 in the fund and this sum was paid to plaintiff. She has received nothing since. Defendant was the principal distributee of the estate of Joseph B. Dabney, receiving therefrom certain corporate stock valued at $1,300,000, which she still has. By the judgment herein the court below awarded to plaintiff a recovery against the defendant personally of the sums found to be then accrued and unpaid under the judgment in the former action and of such sums as might thereafter accrue under said former judgment, and also impressed a trust on the stock above mentioned which defendant received on distribution of the Dabney estate, to secure all of said sums, and directed defendant to deposit with the clerk the certificates therefor duly endorsed by her. Provision was also made for selling this stock if any of the payments were not made as required.

Defendant contends that the decree of distribution of the estate of Joseph B. Dabney constitutes an adjudication which bars plaintiff's action. This contention we regard as well taken; but, going somewhat farther, we hold that, under our probate system and in the circumstances appearing in this case, an action such as plaintiff has brought, to subject property in the hands of the distributee of an estate to the claim of a creditor of the estate after final distribution has been had, cannot be maintained. The authorities cited by plaintiff as sanctioning such an action, and others which have come to our notice, appear to fall mainly in one of three classes; first, those applying to land or other property which, under the probate system of the jurisdiction, was not subject to administration; second, those involving contingent claims which could not, under the applicable provisions of law, be presented to the personal representative before distribution of the estate; and third, those based on a special statute authorizing such an action. (See cases cited in note, L. R. A. 1916A, 1185.) *Chitty* v. *Gillett*, (1915) 46 Okla. 724 [148

Pac. 1048, L. R. A. 1916A, 1181], appears to rest on the proposition that the heirs obtained distribution while plaintiff's action was pending, which was done without complying with a statute substantially the same as section 953 of our Probate Code, hereinafter quoted.

Under our probate system, while the title to all property, real and personal, of a deceased person passes to his heirs or the beneficiaries of his will at once on his death, all of such property is subject to administration and chargeable with payment of the debts of such person, subject to some statutory exceptions. (Prob. Code, § 300.) The personal representative must publish a notice to creditors to present their claims. (Prob. Code, §§ 700, 701.) All claims arising upon contract, whether they are due, not due or *contingent*, must be presented within the time fixed by law and if not so presented are barred forever, saving as to persons out of the state and without notice, who may present their claims before a decree of distribution is rendered. (Prob. Code, § 707; *Verdier* v. *Roach*, (1892) 96 Cal. 467 [31 Pac. 554].) Suit must be brought on a rejected claim within three months after notice of its rejection if it is due, or if not, within two months after it becomes due. (Prob. Code, § 714.) Judgment on a claim for money must be that it be paid in due course of administration. (Prob. Code, § 730.) In addition to a suit on the claim, the holder may bring an action in equity to protect his rights in a claim contingent or not due. (*Dabney* v. *Dabney, supra,* (1935) 9 Cal. App. (2d) 665, and cases therein cited; *State of Ohio* v. *Citizens Nat. T. & S. Bk.*, (1937) 20 Cal. App. (2d) 486, 489 [67 P. (2d) 355].) Final distribution of an estate is authorized only "if all the debts have been paid." (Prob. Code, § 956; *Estate of Washburn*, (1905) 148 Cal. 64, 67 [82 Pac. 671].)

However, if there is a claim not due, contingent or disputed, "the amount thereof, or such part of the same as the holder would be entitled to if the claim were due, established, or absolute, must be paid into court, and there remain, to be paid over to the party when he becomes entitled thereto; or, if he fails to establish his claim, to be paid over or distributed as the circumstances of the estate require." (Prob. Code, § 953.) Compliance with this section is, for the purposes of distribution, equivalent to payment of the claim. This section has been referred to (either by its present designation or as section 1648, Code Civ. Proc., its former designation) as one

of the sources of the power of the court, in an action in equity, to make a decree requiring the sequestration of property as security for a claim not due, or contingent. (*Dabney* v. *Dabney, supra,* (1935) 9 Cal. App. (2d) 665, 672; *Newman* v. *Burwell,* (1932) 216 Cal. 608, 615 [15 P. (2d) 511]; *Sime* v. *Hunter,* (1920) 50 Cal. App. 629, 633 [195 Pac. 935].) It is now settled that the court may also exercise this power while sitting in probate, even though the claim is of such a nature (as is the claim here) that the court cannot "determine what the segregated amount would be, if absolute." (*Guardianship of Cornaz,* (1937) 8 Cal. (2d) 347, 358 [65 P. (2d) 784].)

The court, on hearing a petition for final distribution, must determine whether all the debts have been paid. If they have not, it may, on a proper showing by a creditor whose contingent or not yet due debt is unpaid, make provision for such debt under section 953 of the Probate Code and then proceed with the distribution. (*Guardianship of Cornaz, supra.*) In view of the mandatory language of section 953, perhaps the petitioner for distribution would be under a duty to ask for such provision, and his default in this duty might, as held in *Chitty* v. *Gillett, supra,* (1915) 46 Okla. 724 [148 Pac. 1048, L. R. A. 1916A, 1181], afford ground for a suit in equity (see, also, *Platnauer* v. *Forni,* (1933) 131 Cal. App. 393, 399 [21 P. (2d) 638]); but no such duty could be imposed on such petitioner where the creditor appeared in response to the petition for distribution and raised the question (as plaintiff did here by the proceedings next to be mentioned).

In this case, the petition for distribution filed in the Dabney estate alleged that "all claims filed and allowed herein, and the judgment founded on the rejected claim of Anna W. Dabney, have been fully paid." The plaintiff in this case filed objections to the petition, in which she set up her judgment and stated that it had not been paid in full, and that the defendant here would receive from the estate property appraised at $1,322,500. Defendant made a motion to strike these objections on the ground that plaintiff's rights had been adjudicated in the former action and that the judgment therein had been complied with, and this motion was granted, after which the decree of distribution was made. Defendant's mode of proceeding to dispose of plaintiff's objection was approved as proper in *Bauer* v. *Superior Court,* (1929) 208 Cal. 193 [281 Pac. 61]. We have no record of the showing made to the court in support of the defendant's motion, but what-

ever it was, it led the court to grant the motion, and if there was error in that action plaintiff's remedy for it was an appeal from the decree of distribution. An appeal from the decree, it appears, was taken by plaintiff, but she later dismissed it without waiting for a decision, thereby allowing the decree to become final.

When a petition for distribution is filed, any person interested in the estate may appear and resist it. (Prob. Code, § 1020.) Plaintiff, as a creditor, was such a person. (*Estate of Mailhebuau*, (1933) 218 Cal. 202, 204 [22 P. (2d) 514]; *Estate of Washburn, supra*, (1905) 148 Cal. 64.) Plaintiff was therefore within her rights in filing the objections above mentioned, and the court hearing the proceedings on the petition had jurisdiction to dispose of them. By the objections plaintiff stated all the facts necessary to obtain the relief she now seeks, if she was not barred by the former judgment, and the court, in passing on the objections and the petition, had power, proceeding under section 953 of the Probate Code, to grant her that relief. (*Guardianship of Cornaz, supra*, (1937) 8 Cal. (2d) 347, 359; see, also, *Title Ins. etc. Co.* v. *Miller & Lux*, (1920) 183 Cal. 71, 89 [190 Pac. 433].) The decree of distribution, which accorded her no such relief, but distributed the estate to defendant without condition or qualification, was in effect an adjudication that plaintiff should have no lien for her judgment on the property distributed to defendant, and thus determined the very question which she raises in the present action. (Compare *Carr* v. *Bank of America*, (1938) 11 Cal. (2d) 366, 374 [79 P. (2d) 1096, 116 A. L. R. 1282].) Such determination, whether right or wrong, is conclusive upon plaintiff here, in the absence of any of the grounds for setting aside a judgment in equity, none of which is claimed to exist here. (*McLellan* v. *McLellan*, (1941) 17 Cal. (2d) 552 [110 P. (2d) 1034]; *Cook* v. *Cook*, (1941) 17 Cal. (2d) 639, 652, 653 [111 P. (2d) 322]; *Carr* v. *Bank of America, supra; Gladding* v. *Superior Court*, (1936) 7 Cal. (2d) 408, 416 [60 P. (2d) 857]; *Estate of Gardiner*, (1941) 45 Cal. App. (2d) 559, 564 [114 P. (2d) 643].) Indeed the decree would have been equally determinative and conclusive on the point, had plaintiff not appeared or filed objections to the petition for distribution, because the petition itself raised the whole question of the distribution to be made and the terms and conditions on which it should be made. "The jurisdiction of the probate court is a jurisdiction *in rem*, the *res*

being the estate of the decedent which is to be administered and distributed with regard to the rights of creditors, devisees, legatees and all the world. (*Warren* v. *Ellis,* 39 Cal. App. 542 [179 Pac. 544]; *Nicholson* v. *Leatham,* 28 Cal. App. 597 [153 Pac. 965, 155 Pac. 98].) By giving the notice prescribed by the statute, the entire world is called before the court, and the court acquires jurisdiction over all persons for the purpose of determining their rights to any portion of the estate, and every person who may assert any right or interest therein is required to present his claim to the court for its determination. Whether he appears and presents his claim, or fails to appear, the action of the court is equally conclusive upon him, ' "subject only to be[ing] reversed, set aside, or modified on appeal".' The decree is as binding upon him if he fails to appear and present his claim, as if his claim, after presentation, had been disallowed by the court. (*William Hill Co.* v. *Lawler,* 116 Cal. 359 [48 Pac. 323]; *Mulcahey* v. *Dow,* 131 Cal. 73 [63 Pac. 158]; *Hanley* v. *Hanley,* [114 Cal. 690 (46 Pac. 736)] *supra.*) . . .

"A person who is interested in the estate of a deceased person, who has had the notice required by law, becomes in point of law an actor in the proceedings, and is bound by the result. (*Estate of Allen,* 176 Cal. 632 [169 Pac. 364]; *Nicholson* v. *Leatham, supra.*)" (*Abels* v. *Frey,* (1932) 126 Cal. App. 48, 53, 54 [14 P. (2d) 594]; see, also, *Estate of McLellan,* (1936) 8 Cal. (2d) 49, 52 [63 P. (2d) 1120]; *Smith* v. *Vandepeer,* (1906) 3 Cal. App. 300, 302 [85 Pac. 136]; *William Hill Co.* v. *Lawler,* (1897) 116 Cal. 359, 362 [48 Pac. 323].) Of course, we again except from this statement the case of one who has ground for an equitable action to set aside the decree.

We feel that we should not overlook statements in appellant's brief which impugn the motives of the trial judge and imply in an obnoxious manner that his decision was wholly arbitrary and was influenced if not controlled by his sympathy for plaintiff. The quotations from a book on justice under dictatorship were improper and wholly out of place in a brief. There is nothing in the record which lends the slightest support to or excuses the attack upon the trial judge.

The judgment is reversed.

Shinn, Acting P. J., concurred.

WOOD (Parker), J.—I dissent, except as to the statements in the last paragraph relating to comments in appellant's brief. Plaintiff had a final judgment, based upon written contracts, that she was entitled to $450 a month during her life from the estate of Joseph B. Dabney, husband of defendant. One of the contracts, the one for $350 a month, was signed also by this defendant. The $40,716, required to be deposited, was security for the payment of the monthly instalments as they accrued. Any part of the deposit remaining at the death of plaintiff was to be paid to the beneficiaries of the estate. The order for said deposit was made in 1933, eight years before the time the deposit would be exhausted. Obviously, owing to the nature of the obligation, there was no way of determining the amount which would be necessary to pay plaintiff. The judge, who estimated the time plaintiff would live, attempted, in the exercise of his discretion, to fix an amount which would be fair to the beneficiaries by not impounding too much, and fair to the plaintiff by not exacting too little. He could have required a deposit, far greater than he did require, and thereby have made certain that the fund would not be depleted during plaintiff's life. By not requiring a far greater deposit, more assets were available for distribution and this defendant, the principal beneficiary, who received upon distribution more than a million dollars, has had the use of the additional amount that could have been held by the court as adequate security for the payments to plaintiff. Only time could answer whether the deposit was sufficient in amount. An appeal by plaintiff from the judgment fixing the amount of the deposit on the ground that the amount was inadequate would have been futile, inasmuch as the fixing of an amount rested within the discretion of the trial court, the amount was substantial, and there was no abuse of discretion. Depositing the amount, required by the court, was not in fact payment of the obligation to plaintiff. It would have been payment only in the event plaintiff died before the fund was exhausted. The fund has been exhausted, plaintiff is still living, and has not been paid. Defendant has benefited by reason of the mistake of the court in not withholding an adequate amount of the estate to assure payment to plaintiff. By reason of the deposit she received an earlier and larger distribution and has had the use thereof over the intervening several years. The assets which could have been held in trust by the court for plaintiff were dis-

tributed principally to defendant, who was a party to the $350 contract which created the main obligation to plaintiff. The contract which she signed (as well as the other one) stated that it ''shall be a binding obligation on our estate, and upon our heirs, executors and administrators.'' She was not misled. She took a fund upon distribution, which could have been held in trust by the court for plaintiff, with knowledge of the written contracts and the judgment, and with knowledge that the deposit might not be sufficient to pay plaintiff for life in accordance with the provisions of the contracts and judgment. The defendant is in quite a different position from the usual distributee who receives a fund after a deposit is made to cover a contingent claim, the amount of which is capable of definite ascertainment. Plaintiff has suffered detriment and defendant has gained advantages under circumstances wherein plaintiff did not have an adequate remedy. In equity it should be regarded that defendant holds in trust sufficient of the distributed assets to pay plaintiff's unsatisfied judgment.

It is my understanding that the matter of *Guardianship of Cornaz*, (1937) 8 Cal. (2d) 347 [65 P. (2d) 784], is an authority that funds of an estate may be impounded for the purpose of making monthly payments on an obligation which is not capable of definite ascertainment, but it is not my understanding that it is an authority that the amount impounded constitutes payment of the obligation.

In my opinion the judgment should be affirmed.

Respondent's petition for a hearing by the Supreme Court was denied November 30, 1942.